KENNETH BAILEY, Petitioner, v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents.

Fourth District   No. 4—92—0858

Argued July 20, 1993.—Opinion filed August 12, 1993.

Law Office of James P. Baker, of Springfield (James P. Baker (argued), of counsel), for petitioner.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jennifer A. Keller, Assistant Attorney General (argued), of Chicago, of counsel), for respondents.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In October 1990, PPG Industries (PPG) discharged petitioner, Kenneth Bailey, after over 27 years of employment. In April 1991, petitioner filed discrimination charges with the Illinois Department of Human Rights (Department), claiming that PPG had discriminated against him based on his age (46 years old at the time of his discharge), race (white), and physical handicaps (physical ailments of angina and emphysema) when PPG discharged him. In February 1992, the Department had completed its investigation and notified petitioner that it was dismissing his charges because it found no substantial evidence to support them. In March 1992, petitioner appealed the Department's decision to the Illinois Human Rights Commission (Commission), one of the respondents in this case. In September 1992, the Commission affirmed the Department's dismissal of petitioner's charges. *In re Kenneth Bailey* (Sept. 21, 1992), ____ Ill. Hum. Rights Comm'n Rep. ____ (HRC No. 1991—SA—0600).

Petitioner appeals the Commission's order of dismissal regarding his charge of age discrimination, arguing that substantial evidence exists that PPG discriminated against him based on his age when it terminated him, and thus the Commission erred in ordering dismissal. Petitioner does not appeal the Commission's order dismissing his charges of discrimination based on his race and physical handicaps.

We affirm.

Petitioner brought his charges of discrimination under the Illinois Human Rights Act (Act) (Ill. Rev. Stat. 1991, ch. 68, par. 1—101 *et seq.*). Section 8—111(A)(1) of the Act provides the following for judicial review of actions brought under the Act:

> "Judicial Review. Any complainant or respondent may apply for and obtain judicial review of a final order of the Commission entered under this Act by filing a petition for review in the Appellate Court within 35 days after entry of the order of the Commission, in accordance with Supreme Court Rule 335." (Ill. Rev. Stat. 1991, ch. 68, par. 8—111(A)(1).)

Thus, under this section of the Act, petitioner has a direct right of appeal to this court if he files a petition for review with this court "in accordance with Supreme Court Rule 335." Ill. Rev. Stat. 1991, ch. 68, par. 8—111(A)(1).

Respondent Commission argues that we need not reach the merits of petitioner's case because his failure to name the Department as a respondent in his petition for review deprives this court of jurisdiction over his appeal. Respondent claims that on administrative review, this court possesses only special and limited jurisdiction. Thus, respondent claims that because petitioner only named the Commission and PPG as respondents, he has not invoked this court's limited jurisdiction. Respondent PPG has not filed an appearance in this appeal.

Respondent explains this argument by pointing out that Supreme Court Rule 335(a) (134 Ill. 2d R. 335(a)) and section 8—103 of the Act (Ill. Rev. Stat. 1991, ch. 68, par. 8—103) dictate that the Department must be made a respondent on petitioner's petition for review. Supreme Court Rule 335(a) states that "[t]he agency and all other parties of record *shall* be named respondents." (Emphasis added.) (134 Ill. 2d R. 335(a).) Respondent claims that the Commission is the "agency" and the Department is a "party of record" in this case. Additionally, respondent points to section 8—103(A) of the Act, which states that the Commission has jurisdiction over a claimant's request for review of a Department's decision to dismiss a charge and that in such a request, "the Department shall be the respondent." (Ill. Rev. Stat. 1991, ch. 68, par. 8—103(A).) Because petitioner failed to name the Department as a respondent, respondent argues that petitioner's petition for review is not "in accordance with Supreme Court Rule 335," and therefore, this court has no jurisdiction to review his case.

■ Review of administrative proceedings by this court is a departure from common law, and thus procedures established for such review must be strictly followed. (See *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 353, 549 N.E.2d 1266, 1267; *Associated Gen-*

*eral Contractors v. Chun* (1993), 245 Ill. App. 3d 750, 754.) We recognize that both *Lockett* and *Chun* were decided under the Administrative Review Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—101 *et seq.*), which is not invoked by the Act. However, we find that the general discussion in *Lockett* that procedural requirements set forth for administrative review must be strictly followed also applies to administrative review actions brought under Rule 335. As the supreme court has stated, its rules are in fact rules of procedure and not suggestions. (*People v. Wilk* (1988), 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221.) Furthermore, we see no reason to establish two different standards of review for review of administrative proceedings. Therefore, we additionally find that if these procedural requirements are not met, we lack subject-matter jurisdiction over a direct appeal to this court under Rule 335. See *Chun*, 245 Ill. App. 3d at 754.

■ In this case, petitioner neither named the Department as a respondent, nor sought to amend his petition for review to make the Department a respondent. Petitioner concedes that the Department is a "party of record" that he should have named as a respondent under Rule 335. However, petitioner argues that we should not hold that his failure to strictly comply with the requirements of Rule 335 deprives this court of jurisdiction to review his appeal of the Commission's order.

In support of his position that this court has jurisdiction, petitioner cites *Parham v. Macomb Unit School District No. 185* (1992), 231 Ill. App. 3d 764, 596 N.E.2d 1192, where this court recently rejected an application of the *Lockett* decision to administrative review under Rule 335. In *Parham*, the petitioner named only the employer as a respondent in his initial petition for review of the Commission's order, which he filed within the statutory 35-day time period. (See Ill. Rev. Stat. 1991, ch. 68, par. 8—111(A)(1).) However, under Supreme Court Rule 303(e) (134 Ill. 2d R. 303(e)), this court had granted petitioner's motion to amend his petition to name the Commission and the Department as respondents brought within 30 days after the statutory 35-day limit had expired. (*Parham*, 231 Ill. App. 3d at 769, 596 N.E.2d at 1195.) Significantly, this court stated that it did not need to reach the issue of whether the petitioner's failure to name the Commission and the Department was a jurisdictional defect barring review under Rule 335 because it had allowed petitioner to amend his petition under Rule 303(e), thereby curing any jurisdictional defect. (*Parham*, 231 Ill. App. 3d at 769, 596 N.E.2d at 1195.) Because petitioner here has not attempted to amend his petition to add the Department as a respondent, this case is distinguishable from *Parham*.

As the *Parham* court noted, that decision was limited to "the facts of [that] case." *Parham*, 231 Ill. App. 3d at 769, 596 N.E.2d at 1195.

We note that the Third District Appellate Court recently addressed the same jurisdictional issue raised here in *McGaughy v. Human Rights Comm'n* (1993), 243 Ill. App. 3d 751, 612 N.E.2d 964, and we acknowledge that the facts in *McGaughy* are similar to those in the present case. In *McGaughy*, the petitioner named the employer and the Commission as respondents in her petition for review of the Commission's order but failed to name the Department. After quoting from *Parham*, the third district found the analysis in *Lockett* did not apply to review under Rule 335 and concluded that it had jurisdiction over that appeal. (*McGaughy*, 243 Ill. App. 3d at 755, 612 N.E.2d at 967.) As we earlier stated, we find that the general proposition stated in *Lockett*—that review of administrative proceedings must strictly follow procedural requirements—is controlling in this case despite the fact that *Lockett* was decided on the basis of the Administrative Review Law. We disagree with *McGaughy* and decline petitioner's request to follow it.

For the reasons stated, we dismiss petitioner's petition for review of the Commission's order because of his failure to invoke this court's jurisdiction over his appeal.

Appeal dismissed.

McCULLOUGH and LUND, JJ., concur.