JAMES PARSONS, Petitioner-Appellant, v. NATIONAL RAILROAD PASSENGER CORPORATION, Respondent-Appellee.

First District (4th Division)    No. 1—92—2645

Opinion filed February 17, 1994.—Rehearing denied March 18, 1994.

William P. Drew III, of Law Offices of Peter B. Canalia, of Chicago, for petitioner.

Danuta Bembenista Panich, of Mayer, Brown & Platt, of Chicago, and Kathleen J. Raynsford, of National Railroad Passenger Corporation, of Washington, D.C., for respondent.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of counsel), for Human Rights Commission.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

James Parsons appeals from an order of the Illinois Human Rights Commission (Commission) granting summary judgment in favor of the National Railroad Passenger Corporation (Amtrak). We consider whether Parsons' failure to name a necessary party in the petition for review requires dismissal of the appeal.

Parsons was hired by Amtrak in 1975. In 1980 he began a disability leave of absence. In 1987 he attempted to return to work. Amtrak denied him reinstatement. Parsons charged Amtrak with disability discrimination under the Illinois Human Rights Act (Human Rights Act) (Ill. Rev. Stat. 1987, ch. 68, par. 101 *et seq*.). The Illinois Department of Human Rights (Department) filed a complaint with the Commission based on Parsons' charge.

At the time Parsons petitioned Amtrak to return to work he was representing to the Social Security Administration that he was physically unable to work. Parsons drew benefits based on this representation. Because of the representation Parsons made to the administration, the Commission ruled he was estopped from maintaining a disability discrimination claim and granted summary judgment in favor of Amtrak. Parsons filed a petition for rehearing which the Commission denied on June 29, 1992.

Parsons filed a petition for review directly to this court on August 3, 1992, under the Human Rights Act. Section 8—111 of the Human Rights Act provides review "of a final order of the Commission *** in the Appellate Court within 35 days after entry of the order of the Commission, in accordance with Supreme Court Rule 335." Ill. Rev. Stat. 1991, ch. 68, par. 8—111(A)(1).

When Parsons filed the petition he failed to name the Commission as a respondent. On appeal the Commission argues that Parsons' petition is not "in accordance with Supreme Court Rule 335" because he failed to name a necessary party.

Rule 335 states:

"(a) The Petition for Review. The petition for review shall be filed in the Appellate Court and shall specify the parties seeking review and shall designate the respondent ***. The agency and all other parties of record shall be named respondents." 134 Ill. 2d R. 335(a).

The Commission argues that Parsons' failure to name the

"agency," the Commission, in the petition deprives this court of jurisdiction. In support, the Commission cites *Bailey v. Human Rights Comm'n* (1993), 247 Ill. App. 3d 853, 617 N.E.2d 1370.

As here, *Bailey* involved an appeal from an order of the Commission brought under the Human Rights Act. In *Bailey* the petitioner did not name the Department as a respondent in the petition for review. The court held it lacked subject matter jurisdiction because the petitioner did not meet the procedural requirements of Rule 335. *Bailey*, 247 Ill. App. 3d at 856, 617 N.E.2d at 1372.

The *Bailey* court noted that the third district in *McGaughy v. Human Rights Comm'n* (1993), 243 Ill. App. 3d 751, 612 N.E.2d 964, when presented with the same facts, reached the opposite conclusion. The *Bailey* court disagreed with the decision in *McGaughy* and declined to follow it.

In *McGaughy* the court held that petitioner's failure to name the Department as a respondent in the petition for review did not deprive the court of jurisdiction. The court refused to dismiss the petitioner's appeal and stated, "it would be inequitable to dismiss the petitioner's case for failure to name the Department as a respondent." *McGaughy*, 243 Ill. App. 3d at 755, 612 N.E.2d at 967.

While *Bailey* and *McGaughy* reach different conclusions, they both address our supreme court's decision in *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266. *Lockett* involved the review of an administrative decision by the circuit court under the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*).

The Administrative Review Law provides for review of administrative decisions by the circuit court. It requires a petitioner to file a complaint with the court and issue summons within 35 days from the date of the administrative decision. (Ill. Rev. Stat. 1985, ch. 110, par. 3—103.) It also requires a petitioner to name all persons who were parties of record to the proceedings before the administrative agency as defendants. Ill. Rev. Stat. 1985, ch. 110, par. 3—107.

The petitioner in *Lockett* failed to name a necessary party, the superintendent of police, as a defendant within the 35-day time limit for filing a complaint and issuing summons. The court noted that the Administrative Review Law is a departure from the common law and stated "the procedures it establishes must be strictly adhered to in order to justify its application." (*Lockett*, 133 Ill. 2d at 352-53, 549 N.E.2d at 1267, citing *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595, 95 N.E.2d 864, 869.) The court stated that the Administrative Review Law's requirement of naming all parties of record as defendants was "mandatory and specific, and admits of no modification." (*Lockett*, 133 Ill. 2d at 354, 549 N.E.2d at 1268.) The court

found that the petitioner did not show a good-faith effort to name the necessary party within 35 days of the order and thus held that dismissal was mandated. The court also overruled prior appellate decisions which held that failure to name and issue summons against necessary parties within 35 days could be cured by amendment regardless of any demonstrated good-faith effort. *Lockett*, 133 Ill. 2d at 356, 549 N.E.2d at 1269.

The court in *Bailey* applied the analysis of *Lockett* to its review under the Human Rights Act; the court in *McGaughy* did not. The *Bailey* court acknowledged that *Lockett* was decided under the Administrative Review Law and then found no reason to employ two different standards of review under the Administrative Review Law and the Human Rights Act. We agree. Like the Administrative Review Law, the Human Rights Act is a departure from the common law. Case history dictates that parties and courts strictly adhere to the statute's procedures. (*Lockett*, 133 Ill. 2d 349, 549 N.E.2d 1266; *Winston*, 407 Ill. 588, 95 N.E.2d 864.) We also note in support that the Human Rights Act first provided for appeals to the circuit court in accordance with the Administrative Review Law. (Ill. Rev. Stat. 1985, ch. 68, par. 8—111(A)(1).) The legislature later amended the Human Rights Act to provide for appeals to the appellate court in accordance with Rule 335. Pub. Act 85—676 § 1, eff. January 1, 1988 (amending Ill. Rev. Stat. 1987, ch. 68, par. 8—111(A)).

Section 8—111 of the Human Rights Act provides for judicial review by the appellate court of an order of the Commission under Rule 335. Rule 335 requires the petitioner to name the agency in the petition for review. Here the agency is the Commission. Parsons did not name the Commission. He did not move to amend the petition within 35 days after the Commission entered its order. Thus, Parsons did not comply with the procedural requirements of Rule 335. We hold Parsons' failure to comply with the requirement of naming the agency in the petition for review within the 35-day time limit mandates dismissal in the absence of a good-faith effort to comply with the statute.

However, we do not reach the conclusion of *Bailey* that failure to name a necessary party deprives the appellate court of jurisdiction. In *Lockett* the court held the naming requirement under the Administrative Review Law was "mandatory." (*Lockett*, 133 Ill. 2d at 354, 549 N.E.2d at 1267.) The court did not hold it was jurisdictional.

Appeal dismissed.

JOHNSON and HOFFMAN, JJ., concur.