ENVIRONMENTAL CONTROL SYSTEMS, INC., Appellant and Cross-Appellee, v. THE POLLUTION CONTROL BOARD, Appellee and Cross-Appellee (Madison County Conservation Alliance *et al.*, Appellees and Cross-Appellants).

Fifth District    No. 5—91—0328

Opinion filed March 22, 1994.

J. Thomas Long, of Farrell & Long, P.C., of Edwardsville, and Roy C. Dripps, of The Lakin Law Firm, of Wood River, for petitioner.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of counsel), for respondent Pollution Control Board.

George J. Moran, of Callahan & Moran, P.C., of Trenton, for respondent Madison County Conservation Alliance.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:

Environmental Control Systems, Inc. (ECS), appeals from an order of the Pollution Control Board (PCB) vacating a prior decision of the Madison County Board (County Board), wherein the County Board granted site approval to ECS for the location of a regional pollution-control facility (landfill) within Madison County. Although ECS raises several issues in this appeal, the only issue we deal with herein is whether this court has jurisdiction to consider this appeal. Finding that we do not have jurisdiction under the facts of this case, we do not consider the additional points raised by ECS, and we reiterate only those facts that relate to the question of jurisdiction.

ECS filed an application for site approval for a regional pollution-

control facility with the County Board on June 20, 1990. On November 14, 1990, after a three-day hearing, the County Board granted site approval. On December 18, 1990, several individuals and the Madison County Conservation Alliance (collectively referred to herein as MCCA) filed a third-party petition with the PCB. On April 11, 1991, the PCB entered an order finding that ECS had not followed the necessary notice procedure and, as a result, the County Board did not have jurisdiction to grant site approval. Accordingly, the PCB order vacated the County Board's site approval. On May 9, 1991, ECS filed a petition for direct review with this court, naming only the PCB and MCCA as respondents. On August 28, 1991, the PCB filed a motion to dismiss for failure to name the County Board as a respondent. On December 19, 1991, more than eight months after the PCB order was entered, ECS filed a motion to add the County Board as a party respondent.

We took the PCB's motion to dismiss with this appeal, and we also issued an order requiring ECS to show cause why this appeal should not be dismissed for lack of jurisdiction. Both the motion to dismiss and the order to show cause, as well as ECS' response to the show-cause order, are considered in this appeal. The narrow question we decide in this case is whether the failure to name the County Board as a respondent deprives the appellate court of jurisdiction under Supreme Court Rule 335. 134 Ill. 2d R. 335.

■ Final orders of the PCB, such as that entered by the PCB on April 11, 1991, are directly reviewable by the Illinois Appellate Court for the district in which the cause of action arose by filing a petition for review of the decision complained of within 35 days after entry of the order. (Ill. Rev. Stat. 1991, ch. 111½, par. 1041 (now 415 ILCS 5/41 (West 1992)).) Additionally, Supreme Court Rule 335(a) provides:

"The procedure for statutory direct review of orders of an administrative agency by the Appellate Court shall be as follows:

(a) *** The petition for review shall be filed in the Appellate Court and shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed. The agency and all other parties of record shall be named respondents." 134 Ill. 2d R. 335(a).

In cases such as this, where a county board grants approval for the location of a landfill within that county, a third party wishing to contest that approval must do so under section 40.1 of the Environmental Protection Act. (Ill. Rev. Stat. 1991, ch. 111½, par. 1040.1 (now 415 ILCS 5/40.1 (West 1992)).) Section 40.1 provides that both the county board and the applicant who was given site approval must be named as co-respondents before the PCB. In the case at bar, when

MCCA filed its petition to contest the County Board's site approval, both the County Board and ECS were named as co-respondents. However, when ECS filed its petition seeking appellate review pursuant to Supreme Court Rule 335, only the PCB and MCCA were named as co-respondents and the County Board was not named in any capacity.

When analyzing jurisdictional principles, the Illinois Supreme Court has held that "when a court is in the exercise of special statutory jurisdiction, that jurisdiction is limited to the language of the act conferring it and the court has no powers from any other source." (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210, 486 N.E.2d 893, 896.) Although *Fredman* concerns circuit court jurisdiction of an administrative decision, the analysis applies to this case as well, since the constitutional provision conferring jurisdiction for administrative review upon the circuit courts is virtually identical to the provision conferring jurisdiction for administrative review upon the appellate courts. Both the appellate and circuit courts have such powers of administrative review "as provided by law." (Ill. Const. 1970, art. VI, §§ 6, 9.) The PCB argues, and we agree, that because of the similarity in the constitutional provisions, the same restrictions apply to both the appellate and the circuit courts' power when reviewing administrative decisions.

Although the Illinois Supreme Court has not yet ruled upon the exact issue we face in the case at bar, it has recently ruled upon the same issue in a case involving administrative review by a circuit court. In *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266, the supreme court considered whether the failure to name a party in an action for administrative review by a circuit court was a fatal defect depriving the circuit court of jurisdiction. In *Lockett*, a Chicago policeman, who had been discharged from his employment, filed a petition for administrative review pursuant to the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) in the Cook County circuit court. The petition for review failed to name the superintendent of the Chicago police department as a defendant.

The court analyzed the issue in two parts. First, it considered whether the superintendent was a necessary party to the action for administrative review. After deciding that the superintendent was indeed a necessary party, the court considered whether failure to join him as a party could be cured by amendment after expiration of the 35-day period for filing the petition for review and serving summonses upon all defendants. *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266.

ECS argues that since *Lockett* was decided under provisions of the Administrative Review Law that do not specifically apply to appellate court review, the outcome of *Lockett* does not control the outcome of this case. We disagree. In *Lockett*, the court applied sections 3—103 and 3—107 of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, pars. 3—103, 3—107) and determined that "[s]ince the Administrative Review Law is a departure from common law, the procedures it establishes must be strictly adhered to in order to justify its application." (*Lockett*, 133 Ill. 2d at 353, 549 N.E.2d at 1267.) The same reasoning applies with equal force to the statutes and rules under which decisions of the PCB are reviewed by the appellate court, since the PCB itself is a statutory creation and, therefore, no review of PCB decisions was available at common law.

In deciding whether the petitioner could amend his petition to add the necessary party in *Lockett*, the court found that the filing of the complaint in the circuit court within the 35-day limit is jurisdictional, but that the issuance of summons required in the circuit courts is not jurisdictional but is mandatory. Of course, currently, there is no requirement for the issuance of summons in the appellate court, but the analogy to the filing of a petition for review is clear. (We note, however, that Public Act 88—1, effective January 1, 1994, adds a new paragraph, section 3—113, to the Administrative Review Law, which provides for the issuance of summons at the appellate court level and which will otherwise restate Rule 335 verbatim.) Just as the filing of a complaint in the circuit court within the 35-day limit is jurisdictional, the filing of the petition for review, as required by Supreme Court Rule 335, is jurisdictional at the appellate court level for review of PCB decisions. See Ill. Ann. Stat., ch. 110A, par. 335(a), Committee Comments, at 79-80 (Smith-Hurd Supp. 1992).

In *Lockett*, the court found that the 35-day period for the issuance of summonses was mandatory, and in order to avoid dismissal of a complaint for failure to comply with that requirement, "a litigant must show a good-faith effort to file the complaint and secure issuance of summons within the 35 days." (*Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1268.) Further, in order to show good faith sufficient to avoid dismissal, the litigants must prove that failure to issue the required summons was "due to some circumstance beyond their control," such as problems at the clerk's office which could not be controlled by the litigant. *Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1268.

■ We believe that in order to avoid the clear language of Rule 335, ECS and other parties seeking review of PCB decisions must

show a similar good-faith effort to comply with the rules or face dismissal of their cases. The rules are clear. In order to obtain judicial review, a petition for review must be filed within 35 days of the PCB decision about which the petitioner complains. (Ill. Rev. Stat. 1991, ch. 111½, par. 1041 (now 415 ILCS 5/41 (West 1992)).) "The petition for review *** shall specify the parties seeking review ***. *The agency and all other parties of record shall be named respondents.*" (Emphasis added.) 134 Ill. 2d R. 335(a).

Since ECS filed its petition for review on May 9, 1991, the first jurisdictional requirement, timeliness, is met. However, in order to find that this court has jurisdiction of this appeal, we must also find that ECS made a good-faith effort to name the agency and all other parties of record as respondents. This we cannot find. It is not disputed that the County Board is a party of record. The County Board was named as a respondent at the hearing before the PCB. Naming the County Board at the hearing before the PCB is mandatory. "The County Board *** and the applicant shall be named as co-respondents" in actions before the PCB wherein a third party, such as MCCA, seeks to contest the County Board's approval for the location of a landfill within the county. Ill. Rev. Stat. 1991, ch. 111½, par. 1040.1 (now 415 ILCS 5/40.1 (West 1992)).

ECS argues that it has made a good-faith effort to comply with the statutes, because the County Board does not wish to participate in this appeal, and ECS has filed affidavits of county officials to demonstrate that the County Board will not participate in this appeal, regardless of our resolution of the issues herein. However, as the PCB argues, it is axiomatic that the parties cannot agree to confer jurisdiction upon a court. *Sommer v. Borovic* (1977), 69 Ill. 2d 220, 370 N.E.2d 1028.

Furthermore, ECS did not seek leave to add the County Board as a respondent until December 19, 1991, more than eight months after the PCB entered the order about which ECS now complains. Additionally, the motion to add the County Board was not filed until after the PCB filed its motion to dismiss the appeal for lack of jurisdiction and after this court entered an order for ECS to show cause why the appeal should not be dismissed for lack of jurisdiction. Based upon the supreme court's ruling in *Lockett*, we cannot say that ECS has demonstrated good faith necessary to avoid compliance with the clear requirement that the County Board must have been named as a party.

We agree with the fourth district, in the case of *Bailey v. Human Rights Comm'n* (1993), 247 Ill. App. 3d 853, 617 N.E.2d 1370:

"[W]e find that the general discussion in *Lockett* that procedural

requirements set forth for administrative review must be strictly followed also applies to administrative review actions brought under Rule 335. As the supreme court has stated, its rules are in fact rules of procedure and not suggestions." (*Bailey*, 247 Ill. App. 3d at 856, 617 N.E.2d at 1370, citing *People v. Wilk* (1988), 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221.)

We note that the third district does not agree that naming parties of record in a petition for review is a jurisdictional requirement. (See *McGaughy v. Human Rights Comm'n* (1993), 243 Ill. App. 3d 751, 612 N.E.2d 964, *appeal allowed* (1993), 152 Ill. 2d 562, 622 N.E.2d 1210.) To the extent of its application to this case, we decline to follow *McGaughy*, unless the Illinois Supreme Court follows its reasoning and affirms.

■ ECS makes one additional argument that we must address. ECS argues that it should be allowed to amend its petition under Rule 366(a), which states as follows:

"In all appeals the reviewing court may, in its discretion, and on such terms as it deems just:
***
(2) *** allow new parties to be added ***." (134 Ill. 2d R. 366(a).)

However, we do not agree that Rule 366(a) has any application to the facts of this case. It is true that Rule 335(h)(1) expressly incorporates the provisions of Rule 366, but only "*[i]nsofar as appropriate.*" (Emphasis added.) (134 Ill. 2d R. 335(h)(1).) We do not find application of Rule 366(a) appropriate to the case at bar as it could only apply if the County Board were a *new* party, which it is not. (134 Ill. 2d R. 366(a)). Furthermore, Rule 335(h)(2) provides that on direct review the appellate court shall have the powers of a circuit court sitting in administrative review and specifically incorporates section 3—111 of the Administrative Review Law, which enumerates the powers of the circuit court when reviewing administrative decisions. There is no provision in section 3—111 that allows necessary parties to be added by amendment. (134 Ill. 2d R. 335(h)(2); Ill. Rev. Stat. 1991, ch. 110, par. 3—111.) In the case *sub judice*, the specific requirements of Rule 335 control, so that application of other general rules, such as Rule 366, is inappropriate to the extent that they conflict with Rule 335.

Because ECS did not name a necessary party, the County Board, as a respondent in its petition for review, and because ECS has not shown that it made a good-faith effort to comply with the requirement that it name all parties of record as respondents, we do not have jurisdiction of this appeal.

Appeal dismissed.

MAAG and GOLDENHERSH, JJ., concur.