(No. 75571.

(No. 75917.

BARBARA A. McGAUGHY, Appellee, v. THE IL-
LINOIS HUMAN RIGHTS COMMISSION *et al.*
(The Illinois Department of State Police, Appel-
lant).—BETTY L. BARNES, Appellant, v. THE
ILLINOIS HUMAN RIGHTS COMMISSION *et
al.*, Appellees.

*Opinion filed March 23, 1995.*

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and John P. Schmidt, Assistant Attorney General, of Chicago, of counsel), for appellant.

Shawn M. Collins, of Naperville, for appellee.

Michael D. Gifford, of Peoria, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and John P. Schmidt, Assistant Attorney General, of Chicago, of counsel), for appellees Illinois Human Rights Commission and Illinois Department of Human Rights.

J. Reed Roesler and Shari L. West, of Keck, Mahin & Cate, of Peoria, for appellee Central Illinois Light Co.

JUSTICE MILLER delivered the opinion of the court:

Barbara McGaughy and Betty Barnes filed separate charges with the Department of Human Rights alleging unlawful discrimination by their respective employers. In each case, the Department of Human Rights dismissed the charge for lack of substantial evidence. The Illinois Human Rights Commission affirmed both dismissals. In accordance with section 8—111(A)(1) of the Illinois Human Rights Act (775 ILCS 5/8—111(A)(1) (West 1992)) and Supreme Court Rule 335 (134 Ill. 2d R. 335), McGaughy and Barnes then filed separate petitions for review in the appellate court. Neither McGaughy nor Barnes, however, fully complied with the provision in Rule 335(a) that requires a petitioner to name the agency and all other parties of record as respondents in a petition for review. In McGaughy's case, the appellate court held that it had jurisdiction over the appeal notwithstanding the petitioner's failure to join all necessary parties, and the court remanded the matter to the Commission for further proceedings. (243 Ill. App. 3d 751.) In Barnes' case, however, the appellate court dismissed the appeal because Barnes failed to name the appropriate respondents in her petition for review. We granted the employer's petition for leave to appeal in McGaughy's case and Barnes' petition for

leave to appeal in her case (145 Ill. 2d R. 315(a)) and have consolidated the two cases for review.

The procedural history of each case may be summarized briefly. In cause No. 75571, Barbara McGaughy filed a charge with the Department of Human Rights pursuant to section 7—102(A)(1) of the Illinois Human Rights Act (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(A)(1)), alleging that the Department of State Police had discriminated against her on the basis of race, in violation of section 2—102(A) of the Act (Ill. Rev. Stat. 1987, ch. 68, par. 2—102(A)). After conducting an investigation and a fact-finding conference, the Department of Human Rights dismissed the charge for lack of substantial evidence. McGaughy then filed a request for review with the Illinois Human Rights Commission. On May 4, 1992, the Commission affirmed the Department's dismissal. On June 29, 1992, the Commission denied McGaughy's application for rehearing.

On August 3, 1992, McGaughy filed a petition for review in the appellate court pursuant to section 8—111(A)(1) of the Human Rights Act (775 ILCS 5/8—111(A)(1) (West 1992)) and Supreme Court Rule 335 (134 Ill. 2d R. 335). McGaughy, however, failed to name the Department of Human Rights in the petition for review, joining only the Commission and the Department of State Police as respondents.

On appeal, the Commission and the Department of State Police argued that the appellate court lacked jurisdiction over the case because McGaughy had failed to name the Department of Human Rights as a respondent in her petition for review within 35 days of the Commission's final order. The appellate court held that McGaughy's failure to name the Department as a respondent did not deprive it of jurisdiction. (243 Ill. App. 3d at 755.) The court believed that statutes authorizing appeals from adverse agency decisions should be liberally

construed to avoid forfeiture when possible. (243 Ill. App. 3d at 755.) In addition, the court concluded that dismissal of the appeal for McGaughy's failure to name the Department of Human Rights as a respondent would be inequitable, noting that the Commission itself had failed to so identify the Department in its order. (243 Ill. App. 3d at 755.) On the merits, the appellate court concluded that the Commission had abused its discretion when it affirmed the Department's finding that McGaughy's charge was not supported by substantial evidence. (243 Ill. App. 3d at 758-59.) The court therefore vacated the Commission's order and remanded the matter to the Commission for further proceedings. (243 Ill. App. 3d at 759.) We allowed the petition for leave to appeal filed by McGaughy's employer, the Department of State Police (145 Ill. 2d R. 315(a)).

In cause No. 75917, Betty Barnes filed a charge with the Department of Human Rights pursuant to section 7—102(A)(1) of the Human Rights Act (Ill. Rev. Stat. 1987, ch. 68, par. 7—102(A)(1)), alleging that Central Illinois Light Company (CILCO) had discriminated against her on the basis of age, in violation of section 2—102(A) of the Act (Ill. Rev. Stat. 1987, ch. 68, par. 2—102(A)). Following an investigation and a fact-finding conference, the Department dismissed the charge for lack of substantial evidence. Barnes filed a request for review with the Illinois Human Rights Commission, which remanded the cause to the Department for further investigation. On remand, the Department once more found a lack of substantial evidence, and the Department dismissed the charge on December 3, 1992. Barnes again filed a request for review with the Illinois Human Rights Commission. On March 22, 1993, the Commission entered an order affirming the Department's dismissal of the charge for lack of substantial evidence.

On April 22, 1993, Barnes filed a petition for review in the appellate court pursuant to section 8—111(A)(1) of the Human Rights Act and Supreme Court Rule 335. The caption of her petition for review read only, "In the Matter of the Request for Review by: Betty L. Barnes," and failed to name the Commission, the Department, or CILCO as respondents.

While the appeal was pending, both the Commission and CILCO moved to dismiss the case, arguing that Barnes' failure to join all necessary respondents in her petition for review deprived the appellate court of jurisdiction over the matter. After considering those motions and Barnes' responses, the appellate court dismissed the appeal because Barnes had failed "to name the appropriate party respondents according to statute." We granted Barnes' petition for leave to appeal (145 Ill. 2d R. 315(a)) and consolidated her case with McGaughy's for review.

We must now determine the consequences of a petitioner's failure to comply with the joinder requirement of Rule 335(a) when seeking direct appellate review of an administrative order. For the reasons that follow, we conclude that Barnes' and McGaughy's respective failures to comply with Rule 335(a) were fatal defects, requiring dismissal of their appeals.

Article VI, section 6, of the Illinois Constitution of 1970 provides in part "The Appellate Court shall have such powers of direct review of administrative action as provided by law." (Ill. Const. 1970, art. VI, § 6.) A similar provision relating to circuit courts appears in article VI, section 9, of the Illinois Constitution. (Ill. Const. 1970, art. VI, § 9 ("Circuit Courts shall have such power to review administrative action as provided by law").) In the same way that a circuit court exercises special jurisdiction conferred on it by statute when it reviews an administrative order (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210), so too does the appellate court exercise special statutory

jurisdiction when reviewing an administrative order pursuant to a statutory directive. When a court is in the exercise of special statutory jurisdiction, the language of the act conferring the jurisdiction limits the court's power. *Fredman Brothers*, 109 Ill. 2d at 211.

At the time of the instant appeals, the statutory source of the appellate court's power to hear the present cases was section 8—111(A)(1) of the Human Rights Act, which provided:

"Any complainant or respondent may apply for and obtain judicial review of a final order of the Commission entered under this Act by filing a petition for review in the Appellate Court within 35 days after entry of the order of the Commission, in accordance with Supreme Court Rule 335." (775 ILCS 5/8—111(A)(1) (West 1992).)

Supreme Court Rule 335(a) provided in part:

"The petition for review shall be filed in the Appellate Court and shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed. The agency and all other parties of record shall be named respondents." (134 Ill. 2d R. 335(a).)

The caption of the illustrative form found in Rule 335(a) designates the agency and other parties of record as respondents.

In each of the cases before us, the petition for review was filed within 35 days after the Commission entered its final order. Section 8—111(A)(1) of the Human Rights Act, however, further required Barnes and McGaughy (petitioners) to comply with Rule 335 when filing their petitions for review. Rule 335(a) in turn required the petitioners to name the following parties as respondents in their petitions for review: the Human Rights Commission, as the agency rendering the decision under review; the Department of Human Rights, as a party of record (see 775 ILCS 5/8—103(A) (West 1992) (when Commission reviews Department's decision to dismiss charge, "the Department shall be the respondent")); and

the respective former employers, as parties of record. It is undisputed that McGaughy failed to name the Department of Human Rights as a respondent in her petition for review, and that Barnes failed to name the Human Rights Commission, the Department of Human Rights, or CILCO as respondents in her petition for review. Thus, neither petitioner fully complied with the requirement of Rule 335(a), made applicable to the present cases by section 8—111(A)(1) of the Human Rights Act, that "[t]he agency and all other parties of record shall be named respondents." 145 Ill. 2d R. 335(a).

The Department of State Police in McGaughy's case and the Commission, the Department, and CILCO in Barnes' case (respondents) argue that the consequences for failing to comply with Rule 335(a) should be the same as the consequences for failing to comply with the analogous requirement of section 3—107(a) of the Administrative Review Law (735 ILCS 5/3—107(a) (West 1992)), which applies to administrative review actions in the circuit court. Subject to an exception not relevant here, section 3—107(a) provides that, on circuit court review of an administrative decision, "the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants."

The respondents point out that cases interpreting section 3—107(a) of the Review Law and its statutory predecessors have held that a complaint for administrative review in the circuit court must be dismissed if the plaintiff fails to name the agency and all parties of record as defendants in the action. (*Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 354 (failure to name party of record); *Cuny v. Annunzio* (1952), 411 Ill. 613, 617-18 (failure to name agency rendering order and party of record); *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595 (failure to name parties of rec-

ord).) The respondents thus contend that dismissal is required in the instant cases because McGaughy and Barnes failed to strictly comply with the similar requirement of Rule 335(a) that the agency and all other parties of record be named as respondents in the petition for review.

In *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, the superintendent of the Chicago police department filed disciplinary charges against a police officer with the Chicago police board, which subsequently entered an order discharging the officer. The officer then filed a complaint in the circuit court seeking review of the board's order pursuant to the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*). Plaintiff, however, failed to name the superintendent as a defendant in the action and to issue summons against him. The defendants moved to dismiss the complaint, arguing that the superintendent was a necessary party to the administrative review action and that plaintiff's failure to name the superintendent as a party was a fatal defect. In response, plaintiff argued that the superintendent had received notice of the proceeding. Alternatively, plaintiff sought leave to amend his complaint to join the superintendent as a defendant.

The circuit court in *Lockett* dismissed the complaint without leave to amend because it found that plaintiff's failure to name the superintendent as a defendant in the administrative review action was a fatal defect that deprived the court of jurisdiction. The appellate court reversed the judgment of the circuit court, concluding that the superintendent was not a necessary party to the review action and that the failure to name him in the complaint was not a fatal defect. *Lockett v. Chicago Police Board* (1988), 176 Ill. App. 3d 792.

On review, this court found that strict adherence to the procedures of the Administrative Review Law was

required because the Review Law was a departure from the common law. (*Lockett*, 133 Ill. 2d at 353.) The court then held that the superintendent was, indeed, a necessary party to the administrative review action, noting that section 3—107 of the Review Law provided that "all persons *** who were parties of record to the proceedings before the administrative agency shall be made defendants." (Ill. Rev. Stat. 1985, ch. 110, par. 3—107.) The court stated that this requirement was "mandatory and specific, and admits of no modification." (*Lockett*, 133 Ill. 2d at 354, citing *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595.) Because the superintendent was a party of record to the board proceedings, the *Lockett* court found that the plaintiff was required to name the superintendent as a defendant in the administrative review action in the circuit court. *Lockett*, 133 Ill. 2d at 354.

The *Lockett* court went on to consider whether the plaintiff should have been allowed to amend his complaint to join the superintendent as a defendant and to issue summons on him after the expiration of the 35-day period allowed for initiating actions for administrative review. In the course of its discussion, the court noted that the 35-day period for filing a complaint for review in the circuit court was jurisdictional, and that the 35-day period for issuing summons was mandatory but not jurisdictional. (*Lockett*, 133 Ill. 2d at 354-55.) The court observed that a petitioner's failure to obtain the timely issuance of summons may be excused if a good-faith effort to comply with that requirement has been made. The court found, however, that plaintiff had failed to demonstrate "a good-faith effort to comply with the requirements of the act." (*Lockett*, 133 Ill. 2d at 355, citing Ill. Rev. Stat. 1985, ch. 110, pars. 3—103, 3—105, 3—107.) The court thus held that the circuit judge had properly dismissed the plaintiff's petition for review. *Lockett*, 133 Ill. 2d at 356.

The respondents contend that a similar result must obtain here. They believe that the failure of the petitioners to name all necessary parties in their respective petitions for review deprived the appellate court of jurisdiction over the review proceedings.

*Lockett, Cuny,* and *Winston* did not use jurisdictional terms to describe the Administrative Review Law's requirement that all necessary parties be joined in the complaint for administrative review. Some decisions of the appellate court have done so, however, concluding that the failure to name all necessary parties in a review action, whether prosecuted under the Administrative Review Law or Supreme Court Rule 335, will deprive the court of jurisdiction over the matter. (See, *e.g., Environmental Control Systems, Inc. v. Pollution Control Board* (1994), 258 Ill. App. 3d 435, 441 (review pursuant to Supreme Court Rule 335); *Bailey v. Human Rights Comm'n* (1993), 247 Ill. App. 3d 853, 856 (Rule 335); *Associated General Contractors v. Chun* (1993), 245 Ill. App. 3d 750, 754 (Administrative Review Law); *Marozas v. Board of Fire & Police Commissioners* (1991), 222 Ill. App. 3d 781, 787, 789 (Review Law); *Strang v. Department of Transportation* (1990), 206 Ill. App. 3d 368, 370-72 (Review Law).) Other decisions of the appellate court have declined to describe the defect as a jurisdictional one, correctly noting that this court has not previously done so. See, *e.g., Parsons v. National R.R. Passenger Corp.* (1994), 259 Ill. App. 3d 85, 88 (Rule 335); *Board of Education of Bethany Community Unit School District No. 301 v. Regional Board of School Trustees* (1993), 255 Ill. App. 3d 763, 765-66 (Review Law); *Gilty v. Village of Oak Park Board of Fire & Police Commissioners* (1991), 218 Ill. App. 3d 1078, 1085 (Review Law); *Zientara v. Lottery Control Board* (1991), 214 Ill. App. 3d 961, 970-72 (Review Law).

Under either line of appellate authority, however, the consequences of noncompliance with the joinder requirements of the Review Law and Rule 335 are the same, requiring dismissal of the review proceeding. Thus, the failure to join all necessary parties is no less serious for being nonjurisdictional. We note that neither petitioner sought leave to amend her petition for review to join all necessary parties, and therefore we need not consider here whether, and under what circumstances, amendments to defective petitions should be allowed. See *Worthen v. Village of Roxana* (1993), 253 Ill. App. 3d 378, 381-82 (allowing amendment); *Parham v. Macomb Unit School District No. 185* (1992), 231 Ill. App. 3d 764, 768-69 (allowing amendment).

We believe that the conclusion in *Lockett* that parties must strictly comply with the procedural requirements set forth in the Administrative Review Law for obtaining review of an administrative action applies equally as well to actions brought under our Rule 335. As noted above, the sources of the powers of the appellate and circuit courts to review administrative actions are virtually identical. (Compare Ill. Const. 1970, art. VI, § 6 ("The Appellate Court shall have such powers of direct review of administrative action as provided by law"), with Ill. Const. 1970, art. VI, § 9 ("Circuit Courts shall have such power to review administrative action as provided by law").) In matters involving the exercise of special statutory jurisdiction, a party seeking a remedy under the statute must strictly adhere to the prescribed procedures. *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210; see also *Lockett*, 133 Ill. 2d at 353.

Furthermore, the joinder requirements of section 3—107(a) of the Administrative Review Law and of Supreme Court Rule 335(a) are substantively similar. (Compare 735 ILCS 5/3—107(a) (West 1992) ("the administrative agency and all persons *** who were

parties of record \*\*\* shall be made defendants") with 134 Ill. 2d R. 335(a) ("The agency and all other parties of record shall be named respondents").) There is nothing in the plain language of the statute or the rule that would justify the development of two divergent procedural standards for the review of administrative matters, and we do not believe that the meanings of these similar requirements should vary, depending on whether the destination of the case is the circuit court or the appellate court. See *Bailey v. Human Rights Comm'n* (1993), 247 Ill. App. 3d 853, 856.

Just as the court in *Lockett* found section 3—107 of the Administrative Review Law to be "mandatory and specific, and admit[ting] of no modification" (*Lockett*, 133 Ill. 2d at 354), so too must we characterize the corresponding provision of Rule 335(a). In McGaughy's case, the Department of Human Rights was a party of record to the administrative proceeding, and the petitioner was therefore required to name the Department as a respondent in the administrative review action she brought in the appellate court. In Barnes' case, the Department of Human Rights and CILCO were both parties of record to the administrative proceeding and the Human Rights Commission was the administrative agency, and the petitioner was therefore required to name all three entities as respondents in her administrative review action in the appellate court.

The petitioners contend, however, that substantial compliance with Rule 335(a) is all that is necessary. They argue that cases like *Lockett*, which require strict compliance with the provisions of the Administrative Review Law, do not apply to proceedings under Supreme Court Rule 335. Specifically, the petitioners assert that because *Lockett* was based in part on sections 3—102 and 3—107 of the Administrative Review Law, which are not among the provisions of the Review Law

expressly incorporated in Rule 335, the decision in *Lockett* has no relevance to actions brought under the rule. See *Parham v. Macomb Unit School District No. 185* (1992), 231 Ill. App. 3d 764, 768-69.

Section 3—102 of the Administrative Review Law provides in pertinent part, "[U]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." (735 ILCS 5/3—102 (West 1992).) Section 3—107, as stated above, requires that the agency and all parties of record before it be named as defendants in the complaint for administrative review.

We are not persuaded that there is any significance in the failure of our Rule 335 to explicitly incorporate either provision. The language quoted above from section 3—102 merely expresses the general principle of special statutory jurisdiction, requiring strict compliance with the procedures prescribed by statute for judicial review of administrative decisions. As we have noted, proceedings under Rule 335 are also instances of special statutory jurisdiction, and there is no need to explicitly state in the rule what is implicit in the procedure. With respect to section 3—107, concerning the identification of defendants, Rule 335(a) contains its own, similar provisions, requiring that all parties to the administrative proceeding be named as respondents in the petition for administrative review. Section 3—107 would add nothing to the requirements of the rule.

Next, McGaughy and Barnes observe that the unnamed necessary parties in the instant cases were timely served with copies of the respective petitions for review. The petitioners argue that the purpose of a petition for review is the same as the purpose of a notice of appeal under Supreme Court Rule 303—to provide no-

tice—and insist that they have substantially complied with the requirements of Rule 335, to the prejudice of no one. In essence, the petitioners contend that service on a respondent can be an adequate substitute for properly naming that party in the petition for review. We do not agree.

In *Cuny v. Annunzio* (1952), 411 Ill. 613, the court dismissed a complaint initially brought in the superior court, pursuant to the Administrative Review Act, for review of an order of the Board of Review of the Department of Labor. (Ill. Rev. Stat. 1945, ch. 110, pars. 264 through 279.) The plaintiff had failed to name, as defendants in the complaint, both the Board of Review, whose order was being reviewed, and the claimant, who sought unemployment compensation. In construing section 8 of the Review Act (Ill. Rev. Stat. 1945, ch. 110, par. 271), the statutory predecessor to section 3—107 of the Review Law, this court held that the claimant was a necessary party defendant in a proceeding for judicial review. (*Cuny*, 411 Ill. at 617.) In addition, the court rejected the argument that service on the claimant was an adequate substitute for failing to name the claimant as a defendant in the review proceeding. (*Cuny*, 411 Ill. at 617-18.) Moreover, the court held that the claimant's failure to appear did not operate as a waiver of the statutory requirement or relieve the party seeking review of the mandatory duty imposed upon him. (*Cuny*, 411 Ill. at 617.) We believe that the result must be the same here. Thus, we conclude that meeting the service requirement under Rule 335(b) did not relieve McGaughy or Barnes of the obligation to name all necessary party respondents in their petitions for review.

Finally, it is appropriate to note several recent legislative changes to the procedures discussed in this opinion. The legislature has enacted a new paragraph under the Administrative Review Law (735 ILCS 5/3—

113 (West Supp. 1993)) concerning direct review of administrative decisions by the appellate court. The legislature has also amended section 8—111(A)(1) of the Human Rights Act (775 ILCS 5/8—111(A)(1) (West Supp. 1993)) by deleting that statute's reference to Supreme Court Rule 335. In addition, the legislature has amended section 3—107(a) of the Review Law (735 ILCS 5/3—107(a) (West Supp. 1993)) to allow an additional 21 days in which a petitioner may, under certain circumstances, serve unnamed parties in administrative review actions in the circuit court. These changes, however, do not pertain to the instant appeals, and we intimate here no view on the application or construction of the new provisions.

For the reasons stated above, in McGaughy's appeal, cause No. 75571, we vacate the judgment of the appellate court and dismiss the appeal. In Barnes' appeal, cause No. 75917, we affirm the judgment of the appellate court.

*No. 75571—Appellate court judgment vacated;*
*appeal dismissed.*
*No. 75917—Judgment affirmed.*