NO. 5-95-0561

IN THE 

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

CATHY BEVIS, GLADYS SHREVE, RICK     )  Petition for Review

MOORE, ELEANOR TOWNS, ELEANOR MORRIS,)  from Orders of the 

LEONARD MORRIS, EDDIE BREEZE, LOUISE )  Illinois Pollution 

BREEZE, MARY LEE CUNNINGHAM, LYLE    )  Control Board.  

RUTGER, MARIE RUTGER, CHARLES WALKER,)  

and LENORA WALKER,                   )  

                                     )

     Petitioners,                    )

                                     )

v.                                   )  PCB No. 95-128

                                     )

THE ILLINOIS POLLUTION CONTROL BOARD )

and THE WAYNE COUNTY BOARD, WAYNE    )

COUNTY, ILLINOIS,                    )

                                     )

     Respondents.                    )

_________________________________________________________________

PRESIDING JUSTICE KUEHN delivered the opinion of the court:

Petitioners appeal from a July 7, 1995, order of the Pollution Control Board (PCB).  That order denied petitioners' motion for reconsideration of the PCB's May 18, 1995, order dismissing petitioners' appeal of a siting approval.  We affirm.

On April 29, 1993, Daubs Landfill, Inc. (Daubs), filed an application to vertically and horizontally expand its Wayne County, Illinois, landfill.  A Wayne County citizens group participated in these siting proceedings.  On May 4, 1993, the Wayne County Board determined that Daubs's application was incomplete, and on May 24, 1993, Daubs filed an amended application.  The Wayne County Board held a hearing on Daubs's first amended application on August 31, 1993.  Daubs filed a second amended application for siting approval on September 22, 1993, with hearings held on November 15 and 16, 1993.  

On March 10, 1994, the Wayne County Board adopted the Regional Pollution Control Hearing Committee's recommendation to deny Daubs's second amended application for the following reasons:

(1) the landfill expansion was unnecessary;

(2) the planned expansion was not designed to protect the public health, safety, and welfare;

(3) the expansion was not designed to minimize the effect on the value of the surrounding property;

(4) the expansion was not free from flooding potential;

(5) the expansion was not designed to minimize the danger to the surrounding area due to fires, spills, or other operational accidents; and

(6) the expansion was not designed to minimize the impact on existing traffic flows near the landfill.

Daubs filed a timely appeal with the PCB on April 18, 1994.  

While the appeal was pending, Daubs proposed a settlement to a Wayne County Board member.  On February 9, 1995, the Wayne County Board adopted the settlement, and on March 9, 1995, the board approved the settlement.  Daubs withdrew its appeal. 

Several citizens (the petitioners) appealed the March 9, 1995, expansion decision to the PCB, naming only the Wayne County Board as a respondent.  In that appeal, the petitioners argued that if the proposed settlement was treated as a new proposal, the Environmental Protection Act (415 ILCS 5/39.2 (West 1992)) required Daubs to file a new application.  No new application can be filed within two years of a disapproved application if the new application is substantially the same as the disapproved application.  415 ILCS 5/39.2(m) (West 1992).  Regardless of whether the proposal was treated as a new or amended application, the version approved and adopted by the Wayne County Board did not allow for the statutorily required notice and public hearing.  See 415 ILCS 5/39.2(d) (West 1992).  Furthermore, petitioners argued that the Wayne County Board's approval violated a local ordinance which prohibits the reconsideration of final board decisions (Wayne County Code §90-05-08(e) (eff. May 8, 1990)).

Daubs filed a motion for leave to participate in the appeal and challenge jurisdiction.  The basis of Daubs's jurisdictional challenge was that the petitioners failed to name Daubs as an applicant as required by section 40.1(b) of the Environmental Protection Act (415 ILCS 5/40.1(b) (West 1992)).

The petitioners objected to Daubs's special appearance, arguing that they were in statutory compliance because Daubs filed no application and, therefore, there was no applicant who could be named.  Alternatively, the petitioners argued that any failure to name Daubs as an applicant was alleviated by service of appeal documents upon Daubs and by use of Daubs's name throughout the appeal as the recipient of siting approval.  Alternatively, petitioners requested leave to correct the misnomer in the appeal's caption.

On May 19, 1995, the PCB dismissed petitioners' appeal, finding that the petitioners violated section 40.1(b) of the Environmental Protection Act.  Section 40.1(b) of the Act requires that all applicants be named as respondents to the petitions contesting the county board's decision.  The PCB concluded that since Daubs was the recipient of local siting approval, Daubs was the applicant.  The PCB also denied the petitioners' request for leave to amend their appeal in the event that Daubs was deemed the applicant.  

The PCB denied the petitioners' motion for reconsideration on July 7, 1995.  

The standard of review applied in appellate review of a PCB decision depends on whether the board was acting in a quasi-judicial or quasi-legislative capacity.  
Illinois Environmental Protection Agency v. Pollution Control Board, 
118 Ill. App. 3d 772, 777, 455 N.E.2d 188, 192 (1983).  The manifest-weight-of-the-evidence standard of review is applied in appellate review of a quasi-judicial administrative decision.  
Illinois Environmental Protection Agency,
 118 Ill. App. 3d at 777, 455 N.E.2d at 192.  An administrative decision is contrary to the manifest weight of the evidence if the opposite conclusion is clearly evident.  
Burke v. Board of Review
, 132 Ill. App. 3d 1094, 1100, 477 N.E.2d 1351, 1356 (1985).  An administrative agency decision must be sustained if any evidence fairly supports the agency's determination.  
Farmers State Bank v. Department of Employment Security
, 216 Ill. App. 3d 633, 640, 576 N.E.2d 532, 537 (1991).  The reviewing court should not independently analyze the underlying facts, and if the evidence contained within the record supports the agency's decision, the decision should be affirmed.  
Abrahamson v. Illinois Department of Professional Regulation
, 153 Ill. 2d 76, 88, 606 N.E.2d 1111, 1117 (1992).

As the PCB's decision from which petitioners appeal was based upon a jurisdictional defect, we review the issue applying the quasi-judicial manifest-weight-of-the-evidence standard.  

The PCB's jurisdiction-based decision related to terms utilized within the Environmental Protection Act.  At issue is whether the terms 
recipient
 and 
applicant
 are synonymous as those terms relate to siting approval under the Environmental Protection Act.  The Environmental Protection Act does not define the term 
applicant
, and there are no cases in which the term 
applicant
 is defined.  

In the absence of legislative intent to the contrary, statutory words should be construed with their plain and commonly understood meaning.  
In re Petition to Annex Certain Territory to Village of North Barrington
, 144 Ill. 2d 353, 362, 579 N.E.2d 880, 884 (1991).  Following this logic, petitioners contend that 
applicant
 simply means 
one who applies
.  Since by local ordinance the Wayne County Board cannot reconsider a final decision, petitioners argue that the settlement proposal could not relate back to the original application and therefore must constitute a new application.

Petitioners then argue that because Daubs did not comply with the hearing and notice requirements of the Environmental Protection Act, Daubs cannot be an applicant even though, ultimately, Daubs was the recipient of siting approval.  Put simply, petitioners argue that an applicant is only an applicant if he is in perfect compliance with all application-process requirements.  

While the failure to comply with all application-process requirements may divest the Wayne County Board of subject matter jurisdiction to act upon the application, this failure does not determine the status of the applicant.  See 
Ogle County Board v. Pollution Control Board
, 272 Ill. App. 3d 184, 192, 649 N.E.2d 545, 551-52 (1995) (stating that a county board may lose jurisdiction because of an applicant's failure to comply with notice requirements).

The recipient of siting approval could only obtain approval by filing an application.  415 ILCS 5/39.2 (West 1992).  Since petitioners cite no authority to the contrary, we find that Daubs was the applicant for siting approval pursuant to the Environmental Protection Act.  To hold otherwise requires us to ignore logic.  Pursuant to section 40.1(b) of the Environmental Protection Act, the petitioners were required to name Daubs as a respondent in their appeal to the Pollution Control Board.  415 ILCS 5/40.1(b) (West 1992).

As previously noted, judicial review of an agency determination is limited.  
Launius v. Board of Fire & Police Commissioners of the City of Des Plaines
, 151 Ill. 2d 419, 427-28, 603 N.E.2d 477, 481 (1992).  No other decision is clearly evident.

We next turn to the petitioners' contention that the PCB erred by denying their leave to amend by adding Daubs as a respondent to their appeal.  As the PCB is an administrative agency and is created by statute, its authority is limited by its enabling statute.  
Ogle County Board
, 272 Ill. App. 3d at 191, 649 N.E.2d at 551.  Pursuant to section 40.1 of the Environmental Protection Act, an applicant must be named as a respondent to any appeal from the county board's grant or denial of local siting approval.  415 ILCS 5/40.1 (West 1992).  This statute does not grant the PCB discretion to waive or otherwise modify this requirement.  A party seeking relief from an order which involved an administrative exercise of special statutory jurisdiction must strictly adhere to the prescribed procedures.  
McGaughy v. Illinois Human Rights Comm'n
, 165 Ill. 2d 1, 12, 649 N.E.2d 404, 410 (1995).  This simply means that the petitioner must comply with the agency-review statutory requirements in order for the PCB to have authority to hear the case.

Statutory requirements are either mandatory or jurisdictional.  
Lockett v. Chicago Police Board
, 133 Ill. 2d 349, 354-55, 549 N.E.2d 1266, 1268 (1990).  If the agency does not follow a mandatory requirement, the reviewing court has the discretion to modify the requirement if the party seeking the modification exhibited a good-faith effort to comply.  See 
Lockett
, 133 Ill. 2d at 355, 549 N.E.2d at 1268.  The Illinois Supreme Court has not specifically determined whether the joinder requirement of an act is jurisdictional or mandatory and, thus, whether or not it is  subject to a good-faith-effort modification.  
McGaughy
, 165 Ill. 2d at 11, 649 N.E.2d at 409-10.  In 
McGaughy
, the supreme court stated that the failure to join a necessary party would result in dismissal under either alternative classification, but the court did not address the situation where the party seeks leave to amend the petition to add the previously omitted necessary party.  
McGaughy
, 165 Ill. 2d at 12, 649 N.E.2d at 410.  The good-faith-effort test is applicable in an Environmental Protection Act context.  See, 
e.g.
, 
Worthen v. Village of Roxana, 
253 Ill. App. 3d 378, 623 N.E.2d 1058 (1993); 
Environmental Control Systems, Inc. v. Pollution Control Board
, 258 Ill. App. 3d 435, 630 N.E.2d 554 (1994).  

The cases petitioners cite in support of their good-faith-effort plea reflect entirely distinct factual settings.  See 
Worthen
, 253 Ill. App. 3d at 382, 623 N.E.2d at 1061 (good-faith effort exhibited in light of mere clerical error); 
Lipsey v. Human Rights Comm'n
, 267 Ill. App. 3d 980, 986, 642 N.E.2d 746, 751 (1994) (
pro se 
litigant's
 error deemed inadvertent and the effort put forward with the petition otherwise found to be in good faith
).

While petitioners argue that the PCB should have allowed them to amend their petition, they cite no statutory basis for their argument.    Assuming that a petition could be amended pursuant to section 40.1 of the Act, petitioners have not displayed a good-faith effort to comply with the requirement that the applicant be named in an appeal.  Serving Daubs with a copy of the appeal even though Daubs was not named as a respondent is insufficient.  
McGaughy, 
165 Ill. 2d at 15, 649 N.E.2d at 411.  Petitioners acknowledge that while they were aware of Daubs's existence and the requirement that they name all applicants, they determined that no applicant existed and they declined to name Daubs as a respondent.  This determination is more one of strategy rather than one exhibiting a good-faith effort to comply with the requirement.  

The PCB's decision to deny petitioners' request for leave to amend their appeal was not clearly erroneous.  Accordingly, the order of the Pollution Control Board is hereby affirmed.

Affirmed.

WELCH, J., and GOLDENHERSH, J., concur.