LUCILLE GAYAN, Plaintiff-Appellant, v. THE DEPARTMENT OF HUMAN SERVICES, Defendant-Appellee.

Third District   No. 3—02—0545

Opinion filed August 29, 2003.

Stephen C. Myers (argued), of Myers, Berry, O'Conor & Kuzma, Ltd., of Streator, for appellant.

Lisa Madigan, Attorney General, of Chicago (Carl J. Elitz (argued), Assistant Attorney General, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

This action was brought by James P. Gayan, as agent under the Lucille M. Gayan power of attorney, and subsequently by James P. Gayan as special representative of Lucille M. Gayan, deceased, against the Illinois Department of Human Services (IDHS) and the Illinois Department of Public Aid (IDPA) (collectively, the State agencies). The State agencies found that the plaintiff, Lucille Gayan, had "available assets," as defined by the Medicaid Act, of $250,066.42 in the form of the Lucille M. Gayan Trust. See 42 U.S.C. § 1396p(d)(3)(B) (2000). Therefore, the State agencies determined that the plaintiff was required to "spend down" this amount before Medicaid would cover the medical expenses associated with her long-term nursing care. The plaintiff appealed this ruling to the trial court and named only the IDHS as a defendant. The trial court affirmed the decision of the State agencies. For the following reasons, we affirm.

# I. FACTS

On December 20, 1993, the 80-year-old plaintiff placed assets valued at $129,700 into an irrevocable trust. At the same time, the plaintiff transferred certain assets to the trustee, including various certificates of deposit and net life insurance proceeds. Pursuant to the terms of the irrevocable trust agreement, the plaintiff was to receive a distribution of income, within the trustee's discretion, for a period of 29 months. Thereafter, the trustee was directed to pay the cost of custodial care provided to or for the plaintiff, limited to the following expenditures:

> "a. a personal needs allowance in the minimum amount allowed under Article V of the Illinois Public Aid Code, as amended from time to time, and pursuant to regulations promulgated thereunder;
>
> b. amounts to cover Medicare and other health insurance premiums;
>
> c. amounts to cover incurred expenses for medical or remedial care not paid for by Medicaid;
>
> d. amounts to cover over-the-counter drugs or other medically necessary items ordered by a physician but not paid for by Medicaid; and
>
> e. amounts necessary to cover medical transportation."

In July 1999, the plaintiff entered Rivershores Nursing Home in Marseilles. On March 6, 2000, the plaintiff applied for Medicaid with the IDPA. The IDHS processed the application and determined that the trust had a market value of $250,580.65. The local office of the IDHS then determined that the plaintiff had to "spend down" $250,066.42 before becoming eligible for Medicaid funding for her custodial care. The IDHS informed the plaintiff that she had 60 days to seek a hearing if she disagreed with its decision. Plaintiff sought a hearing, which was held on September 4, 2001.

At the hearing, the plaintiff appeared through her counsel. Counsel testified that the trust was drafted to pay income to the plaintiff in the trustee's discretion for 29 months, until June of 1996. After that time, the trustee was authorized to pay income and principal, if necessary, for plaintiff's custodial care, limited to the five expenditures set out in the trust. According to the plaintiff's counsel, the family felt that the trust would be considered a "special needs trust" and that it would not be counted against the plaintiff after March of 2000. After the passage of a 60-month "look back" period, it was intended that the assets of the trust would only be available to pay whatever Medicaid did not pay.

At the conclusion of the hearing, the IDHS held that, under the terms of the trust, the payments from the trust are determined by the

trustee, who has discretion over how much money can be distributed to the plaintiff. In addition, it held that the trust agreement contained no provisions or terms that precluded the withdrawal from the principal of the trust for the plaintiff's needs, and that the trust allowed the distribution of funds to satisfy the cost of custodial care for any period that the plaintiff may be receiving it. Accordingly, it held that the local office of the IDHS correctly determined that the principal of the plaintiff's trust was an available asset.

On September 26, 2001, Linda Baker, secretary of the IDHS, affirmed the hearing officer's decision and adopted it as a final administrative decision. The Director of the IDPA also adopted the hearing officer's findings as the final administrative decision of the IDPA. On October 29, 2001, the plaintiff filed a complaint in the trial court seeking reversal of the IDHS's decision. The plaintiff did not name the IDPA as a defendant in its complaint.

On May 28, 2002, James P. Gayan filed a suggestion of death in which he stated that the plaintiff had died on March 5, 2002.[1] On July 2, 2002, the trial court issued an order affirming the IDHS's decision. The court held that federal law provides that if there are any circumstances under which payment from the trust could be made to or for the benefit of the individual seeking Medicaid, the portion of the corpus from which payment to the individual could be made shall be considered a resource available to the individual. See 42 U.S.C. § 1396p(d)(3)(B)(i) (2000). The court also found that the plaintiff's trust allowed the trustee to pay the custodial care expenses for nursing care under certain circumstances, and the custodial care of the plaintiff fit the circumstances in which payment could be made at the trustee's discretion.

## II. ANALYSIS

On appeal, the plaintiff argues that the trial court erred in affirming the decision of the IDHS when it erroneously employed rules of construction which ignored the settlor's intent that the trust assets should not be used for expenses covered by Medicaid. In response, the IDHS argues that the plaintiff is barred from obtaining judicial review because the IDPA, a necessary party, was not named as a defendant or

---

[1]The record does not reflect whether the trial court granted James P. Gayan's motion to substitute himself as plaintiff's special representative following her death. The IDHS, however, does not oppose Mr. Gayan's motion and does not object to this court granting that motion on appeal. Therefore, we grant Mr. Gayan's motion to substitute himself as the plaintiff's special representative. See 155 Ill. 2d R. 366(a)(5) (appellate court may enter any judgment or make any order that ought to have been given or made).

served in the trial court. Therefore, the IDHS argues, the trial court's judgment should be vacated and this appeal dismissed. In the alternative, the IDHS contends that because there were circumstances under which the trust assets could have been used for the plaintiff's benefit, all of the trust assets were properly counted as available under federal law. See 42 U.S.C. § 1396p(d)(3)(B) (2000). We will first address the IDHS's argument that the trial court's order should be vacated and this appeal dismissed.

■ Section 3—107(a) of the Administrative Review Law (the Review Law) states that in any action to review a final decision of an administrative agency, the administrative agency shall be made a defendant. 735 ILCS 5/3—107(a) (West 2000). An action to review an administrative decision shall be commenced by the filing of the complaint and the issuance of a summons within 35 days of receipt of the decision being appealed. 735 ILCS 5/3—103 (West 2000). Where these procedures are not followed, the parties to the proceeding before the agency are barred from obtaining judicial review. 735 ILCS 5/3—102 (West 2000). However, the joinder requirement of section 3—107 of the Review Law is mandatory, not jurisdictional. *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 649 N.E.2d 404 (1995). Therefore, when the State does not complain at the trial court level about the plaintiff's failure to properly join all parties, it has waived that issue on appeal. See *DeCastris v. State Employees Retirement System*, 288 Ill. App. 3d 136, 679 N.E.2d 825 (1997).

■ Here, the IDHS acknowledges that it did not raise the plaintiff's failure to name the IDPA as a defendant in the trial court. Therefore, we find that the IDHS has waived this issue for appeal and we decline to vacate the trial court's order or dismiss this appeal.

■ When reviewing the appeal of an administrative decision, this court will review the agency's decision, not the decision of the trial court. *Metropolitan Airport Authority v. Property Tax Appeal Board*, 307 Ill. App. 3d 52, 716 N.E.2d 842 (1999). A case that involves an examination of the legal effect of a set of given facts is a question of mixed law and fact and should not be overturned unless it is clearly erroneous. *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 692 N.E.2d 295 (1998).

■ The federal law in effect when the plaintiff created her trust provided, in pertinent part:

"In the case of an irrevocable trust—

(i) if there are any circumstances under which payment from the trust could be made to or for the benefit of the individual, the portion of the corpus from which *** payment to the individual could be made shall be considered resources available to the individual ***." 42 U.S.C. § 1396p(d)(3)(B)(i) (2000).

This law is consistent with Congress's intent to strictly limit Medicaid payments to the "truly needy." *Cherry v. Sullivan*, 30 F.3d 73, 75 (7th Cir. 1994). Further, this "available asset" rule applies without regard to the purpose for which the trust was established, whether the trustee has or exercises any discretion under the trust, or whether restrictions are in place regarding when or whether distributions are made. 42 U.S.C. § 1396p(d)(2)(C) (2000).

■ We are not persuaded by the plaintiff's argument that it was the intent of the drafters of the trust to limit payments from the trust principal to only those amounts permitted under Medicaid. As we have noted, federal law provides that the "available asset" rule applies without regard to the purpose for which the trust was established. 42 U.S.C. § 1396p(d)(2)(C) (2000).

Here, the plaintiff's trust was drafted on December 20, 1993, after Congress enacted section 1396p(d), which was "less forgiving" of trusts designed to shelter Medicaid assets like the one plaintiff attempted to create. See *Ramey v. Reinertson*, 268 F.3d 955, 959 (10th Cir. 2001). Section 1396p added strict criteria regarding the treatment of "Medicaid Qualified Trusts," such as the inclusion of the corpus and proceeds of various irrevocable trusts as countable resources. *Ramey*, 268 F.2d at 959; 42 U.S.C. § 1396p(d)(3)(B) (2000). Section 1396p(d)(3)(B) now provides that if *any* of the corpus of an irrevocable trust could be used for the benefit of the Medicaid applicant, then *all* of the trust's corpus is counted as an available asset. 42 U.S.C. § 1396p(d)(3)(B) (2000).

Here, the plaintiff's trust provided that the entire corpus of the trust, both income and principal, was available to the plaintiff to meet five specific purposes, all of which benefitted the plaintiff: (1) to provide her with a minimum personal needs allowance in the amount that was permitted by the Public Aid Code (305 ILCS 5/1—1 *et seq.* (West 2000)); (2) to pay Medicare and heath insurance premiums; (3) to provide medical or remedial care not provided by or paid by Medicaid; (4) for over-the-counter drugs or medically necessary items that are not provided by Medicaid; and (5) to provide medical transportation. Based upon these provisions, we find that the IDHS correctly concluded that all of the trust assets should have been counted as available. The trial court correctly affirmed that decision.

## III. CONCLUSION

Because the plaintiff's trust allowed the trustee to pay the custodial care expenses for nursing care under certain circumstances, federal law mandated that the assets in the trust be "spent down" before the plaintiff could become eligible for Medicaid services. 42

U.S.C. § 1396p(d)(3)(B) (2000). The IDHS properly denied the plaintiff's application for Medicaid, and the trial court properly affirmed that decision.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

BARRY and LYTTON, JJ., concur.