BRENDA DAHMAN, Petitioner, v. THE DEPARTMENT OF HUMAN RIGHTS *et al.*, Respondents.

Fourth District   No. 4—01—0675

Opinion filed October 18, 2002.

COOK, J., dissenting.

Richard G. Leiser and Warren E. Danz, both of Warren E. Danz, P.C., and Andrew J. Kleczek, of Law Offices of Andrew J. Kleczek, both of Peoria, for petitioner.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Catherine Basque Weiler, Assistant Attorney General, of counsel), for respondents.

JUSTICE APPLETON delivered the opinion of the court:

Petitioner, Brenda Dahman, seeks direct administrative review of the decision of the chief legal counsel of the Illinois Department of Human Rights (Department) sustaining the Department's dismissal of petitioner's charge of sexual harassment against James McCaslin for lack of substantial evidence. Petitioner seeks review pursuant to section 8—111(A)(1) of the Illinois Human Rights Act (Human Rights Act) (775 ILCS 5/8—111(A)(1) (West 2000)) and Supreme Court Rule 335 (155 Ill. 2d R. 335). Respondents moved to dismiss the petition for direct review due to petitioner's failure to name McCaslin, a party of record in the administrative proceedings, as a respondent. For the reasons set forth below, we dismiss the petition for review.

## I. BACKGROUND

On May 19, 2000, petitioner filed a charge of discrimination with the Department against her employer, the Illinois Secretary of State, and James McCaslin, a fellow employee, alleging that between April 11 and April 13, 2000, McCaslin sexually harassed her. On January 5, 2001, following its investigation, the Department dismissed petitioner's charge for lack of substantial evidence. Petitioner requested review by the Department's chief legal counsel. On June 29, 2001, the chief legal counsel issued an order sustaining the Department's dismissal of the charge. This appeal followed.

## II. ANALYSIS

On August 3, 2001, petitioner filed a petition for direct review with this court. Pursuant to section 8—111(A)(1) of the Human Rights Act (775 ILCS 5/8—111(A)(1) (West 2000)) and Supreme Court Rule 335 (155 Ill. 2d R. 335), we have jurisdiction over this matter. However, petitioner failed to name McCaslin in the petition for review, joining only the Department, chief legal counsel, and the Secretary of State as respondents.

On November 20, 2001, respondents moved to dismiss the petition due to petitioner's failure to name McCaslin, a necessary party, as a respondent. Respondents' motion alleged that petitioner's failure to name McCaslin as a respondent in her petition for review was a fatal defect. We agree.

■ Section 8—111(A)(1) of the Human Rights Act (775 ILCS 5/8—111(A)(1) (West 2000)) provides that a complainant may obtain judicial review of any final order entered under the Human Rights Act by filing a petition for review in the appellate court. Both Supreme Court Rule 335 (155 Ill. 2d R. 335) and section 3—113(b) of the Administrative Review Law (Review Law) (735 ILCS 5/3—113(b) (West 2000)) govern statutory direct review of administrative orders by the appellate court and each provides that "[t]he agency and all other parties of record shall be named respondents" in the petition for review. It is undisputed that McCaslin was a party of record.

■ Our supreme court has held that administrative review actions taken directly to the appellate court involve the exercise of "special statutory jurisdiction." *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 6-7, 649 N.E.2d 404, 407 (1995). When a court is exercising special statutory jurisdiction, the language of the act conferring jurisdiction delimits the court's power to hear the case. A party seeking to invoke special statutory jurisdiction thus "must strictly adhere to the prescribed procedures" in the statute. *McGaughy*, 165 Ill. 2d at 12, 649 N.E.2d at 410. Accordingly, absent strict compliance with the Human Rights Act, the provisions of the Review Law, and the rules adopted pursuant thereto, the appellate court cannot consider the appeal. *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 31, 727 N.E.2d 1022, 1025 (2000).

This case presents a factual scenario similar to that present in *McGaughy* in which the supreme court held that dismissal was required for noncompliance with Rule 335. The petitioner, Barbara McGaughy, filed a charge with the Department in which she alleged that her employer had discriminated against her. The Department dismissed the charge for lack of substantial evidence. McGaughy filed a request for review with the Illinois Human Rights Commission (Commission), which affirmed the dismissal. McGaughy then filed a petition for review in the appellate court. She named as respondents only the Commission and her employer, failing to name the Department. The appellate court held that this failure did not deprive it of jurisdiction and reached the merits of the appeal. The supreme court reversed, vacating the appellate court's judgment and dismissing the appeal because of McGaughy's failure to name the Department, a party of record, as a respondent in her petition for review. *McGaughy*, 165 Ill. 2d at 15, 649 N.E.2d at 411.

■ Section 3—113(b) of the Review Law and Supreme Court Rule 335 explicitly direct that, in a petition for review in the appellate court, "[t]he agency and all other parties of record shall be named respondents." 735 ILCS 5/3—113(b) (West 2000); 155 Ill. 2d R. 335(a).

This language is clear and unambiguous. Therefore, a party seeking administrative review must strictly comply with the statutes conferring jurisdiction and, because the statutes require that all parties of record be named, failure to do so justifies dismissal. *ESG Watts*, 191 Ill. 2d at 36, 727 N.E.2d at 1028.

■ Petitioner argues that the line of cases that supports dismissal of a petition for review for failing to name all parties of record predates the amendment to section 3—107(a) of the Review Law (735 ILCS 5/3—107(a) (West 2000)), which precludes dismissal of the petition even if an individual employee or agent acting in his official capacity on behalf of the agency is not named as long as the agency itself is named as a respondent. Petitioner's argument is without merit. Section 3—107(a) applies only to administrative review actions in the circuit court and, thus, is not applicable here. *McGaughy*, 165 Ill. 2d at 8, 649 N.E.2d at 408.

Because strict adherence to the procedures of the Review Law and the supreme court rules is required and because petitioner failed to comply with the same, we conclude petitioner's failure to name McCaslin, a party of record, as a respondent is a fatal defect and justifies dismissal of her petition for review.

## III. CONCLUSION

For the reasons stated, we dismiss petitioner's request for review.

Appeal dismissed.

McCULLOUGH, P.J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent and would address this case on the merits.

This Human Rights Act case involves an application for review under section 8—111(A)(1) of the Human Rights Act. 775 ILCS 5/8—111(A)(1) (West 2000). Direct review of such administrative orders is controlled by the Review Law (735 ILCS 5/3—101 through 3—113 (West 2000)). See 735 ILCS 5/3—113 (West 2000) ("Direct review of administrative orders by the appellate court"). Section 8—111(A)(1) of the Human Rights Act formerly provided that judicial review under that section would be "in accordance with Supreme Court Rule 335," but that language was deleted effective January 1, 1994. Pub. Act 88—1, § 7, eff. January 1, 1994 (1993 Ill. Laws 1, 22).

Under the Review Law:

"No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an employee, agent, or

member, who acted in his or her official capacity, of an administrative agency, board, committee, or government entity, where the administrative agency, board, committee, or government entity, has been named as a defendant as provided in this [s]ection." 735 ILCS 5/3—107(a) (West 2000) (language added by Pub. Act 89—685, § 25, eff. June 1, 1997 (1996 Ill. Laws 3706, 3721)).

The complaint alleges that James McCaslin, an employee of the Illinois Secretary of State, was acting in his official capacity at the time of the alleged sexual harassment. The Secretary of State was named as a respondent in this direct appeal. By the terms of section 3—107(a) of the Review Law, it was not necessary to name McCaslin, individually, as a respondent.

The Review Law further provides that if a party was not named by the administrative agency in its final order as a party of record, then petitioner shall be granted 21 days to name and serve the unnamed party. 735 ILCS 5/3—113 (West 2000) (added by Pub. Act 88—1, § 6, eff. January 1, 1994 (1993 Ill. Laws 1, 20)). The agency final order here referred to the Secretary of State as "Respondent [No.] 1," and to McCaslin as "Respondent [No.] 2." The order found that the complainant failed to establish "that [r]espondents sexually harassed [c]omplainant" and that the petition for review need only name "Respondent," apparently the Secretary of State. Under the terms of section 3—113 of the Review Law, I suggest that we cannot dismiss this petition for review, but must grant leave to add McCaslin, if that is necessary at all.

The majority says that "[s]ection 3—107(a) applies only to administrative review actions in the circuit court and, thus, is not applicable here." 334 Ill. App. 3d at 663. The majority cites *McGaughy* for that proposition. Actually, the supreme court in *McGaughy* noted the addition of section 3—113 of the Review Law and changes to section 8—111(A)(1) of the Human Rights Act and section 3—107(a) of the Review Law, but it concluded "[t]hese changes, however, do not pertain to the instant appeals, and we intimate here no view on the application or construction of the new provisions." *McGaughy*, 165 Ill. 2d at 15-16, 649 N.E.2d at 411-12. The Review Law clearly applies to this case. See 735 ILCS 5/3—113 (West 2000).

*McGaughy* in fact rejected the proposition that there should be "two divergent procedural standards for the review of administrative matters, and we do not believe that the meanings of these similar requirements should vary, depending on whether the destination of the case is the circuit court or the appellate court." *McGaughy*, 165 Ill. 2d at 13, 649 N.E.2d at 410.

The majority tells us that a party seeking to invoke special statu-

tory jurisdiction must strictly adhere to the prescribed procedures in the statute. 334 Ill. App. 3d at 662. It is clear that the legislature disagrees with the hypertechnical arguments that have been advanced to defeat jurisdiction in these cases. If we strictly adhere to the statutes in this case, we should not dismiss this appeal. Nor should we establish two divergent procedures, one for circuit court review and another for direct review in the appellate court.

This case is not controlled by *ESG Watts*. *ESG Watts* arose under the Illinois Environmental Protection Act (415 ILCS 5/1 *et seq*. (West 1994)); this case arises under the Human Rights Act. As discussed above, Supreme Court Rule 335, which was applied in *ESG Watts*, has not applied in Human Rights Act cases since January 1, 1994. *ESG Watts* involved the complete failure to name a party, the State, as a respondent; this case involves the naming of a government entity, the Illinois Secretary of State, which naming includes an employee (Mc-Caslin) who acted in his official capacity. *ESG Watts* noted the changes to section 3—107(a) of the Review Law and noted further that (1) the changes to section 3—107(a) did not apply to Watts and (2) the changes would not help Watts if they did apply. *ESG Watts*, 191 Ill. 2d at 35-36, 727 N.E.2d at 1028.

Addressing the first point, the suggestion that section 3—107(a) did not apply to Watts, why should the section not apply? The section is one of "the provisions of the Review Law" that must be strictly complied with before an appellate court may consider the appeal. *ESG Watts*, 191 Ill. 2d at 30-31, 727 N.E.2d at 1025. Perhaps the reasoning is that of the majority, that section 3—107(a) applies only to administrative review actions in the circuit court, and only section 3—113 applies to direct review of administrative review actions in the appellate court. Section 3—107, however, states that it applies "in *any* action to review *any* final decision of an administrative agency." (Emphases added.) 735 ILCS 5/3—107(a) (West 2000). When section 3—107 was originally enacted, the only review available was in the circuit court; appellate review was not possible until section 3—113 of the Review Law was enacted. Nevertheless, nothing in the language of section 3—107 suggests that it applies only to actions in the circuit court, and there is no apparent reason why that should be the case. Even if only section 3—113 applies to the present case, section 3—113 itself provides that if the appellate court determines that a party of record was not made a defendant in the review proceedings, and the party was not named by the administrative agency in its final order, "the court shall grant the plaintiff 21 days from the date of the determination in which to name and serve the unnamed party as a defendant." 735 ILCS 5/3—113(b) (West 2000).

The second point, that none of the exceptions carved out by the legislature would help Watts, is not the fact in the present case. Section 3—107 prohibits dismissal for lack of jurisdiction based upon the failure to name an employee who acted in his official capacity where the administrative agency has been named as a defendant. 735 ILCS 5/3—107(a) (West 2000). That was not the situation in *ESG Watts*, where there was a complete failure to name the State as a defendant. It is, however, exactly the situation in the present case, where the employee was not named but the governmental entity was. *ESG Watts* recognizes that the legislature has "carved out" exceptions. *ESG Watts*, 191 Ill. 2d at 36, 727 N.E.2d at 1028. *ESG Watts* does not hold that those exceptions are ineffective, only that they did not apply there. *ESG Watts* recognizes that the matter is one for the legislature, that " 'the Illinois appellate court has only such power of direct review as the legislature may provide.' " *ESG Watts*, 191 Ill. 2d at 29, 727 N.E.2d at 1024, quoting *Central City Education Ass'n v. Illinois Educational Labor Relations Board*, 149 Ill. 2d 496, 526-27, 599 N.E.2d 892, 906 (1992). The legislature has spoken in the present case. There is no justification for not accepting the naming of the Illinois Secretary of State as sufficient to include the employee, McCaslin, or in the alternative, for not allowing petitioner 21 days to name McCaslin.