2023 IL App (1st) 211630-U

No. 1-21-1630

Order filed May 1, 2023

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ADRIENNE C. BARRON, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner-Appellant, | ) | Decision of the Human Rights |
| | ) | Commission. |
| | ) | |
| v. | ) | Charge No. 2020 CN 294 |
| | ) | |
| | ) | |
| THE ILLINOIS HUMAN RIGHTS COMMISSION and | ) | |
| THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Hyman and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss the appeal where petitioner failed to name and serve a necessary party
as a respondent on appeal.

¶ 2    Petitioner Adrienne C. Barron appeals *pro se* from a final decision entered by the Illinois

Human Rights Commission (Commission) sustaining the Illinois Department of Human Rights'

(Department) dismissal of her charge of retaliation against Heather Lange, individually, a labor

relations representative for petitioner's former employer, Ford Motor Company (Ford), pursuant to the Illinois Human Rights Act (Act) (775 ILCS 5/1-101 *et seq.* (West 2018)). Because petitioner failed to name Lange as a respondent and serve her, we dismiss the appeal.

¶ 3    The following background is derived from the record on appeal, which includes petitioner's charge, the Department investigator's report recommending dismissal of the charge, and the Commission's order sustaining the dismissal.

¶ 4    Ford hired petitioner in October 2010, and discharged her on May 8, 2019. On August 22, 2019, petitioner filed with the Department the instant charge of retaliation against Lange, alleging Lange discharged her for having filed three prior discrimination charges against Ford between September 2017 and December 2017.

¶ 5    The investigator interviewed petitioner and Lange. In a report dated February 11, 2021, the investigator recommended the dismissal of petitioner's charge based on a lack of substantial evidence. The report recounted that petitioner and Lange were employed by Ford prior to petitioner's discharge, and petitioner filed three charges with the Department against Ford from September to December 2017. The investigator noted that notice of petitioner's prior charges were mailed to Ford in September 2017, November 2017, and January 2018. The investigator then detailed the evidence submitted by both parties during the instant investigation.

¶ 6    Petitioner alleged that she engaged in a protected activity by filing the three prior charges against Ford in 2017. On May 8, 2019, Lange discharged her for "gross negligence." Petitioner alleged that her discharge "followed the filing of her discrimination charges within such a period of time that it raises an inference of retaliatory motivation." Petitioner further claimed that Lange "fabricated Ford documents to get her fired."

¶ 7      Lange asserted that she had no knowledge petitioner had filed charges against Ford in 2017. Petitioner was discharged following an internal investigation where 14 witnesses corroborated allegations that she "threatened coworkers, sexually harassed co-workers, use[d] profanity, and violated safety policies of Ford." Lange reported that the decision to discharge petitioner was based on the evidence collected during the investigation, and she was executing her duties as a labor relations representative in discharging petitioner.

¶ 8      The investigator concluded petitioner failed to show Lange discharged her in retaliation for filing charges of discrimination against Ford. The investigator noted that Lange was not a party in the prior charges, and there was no evidence that she knew of petitioner's protected activity. Accordingly, petitioner failed to establish a nexus between her engagement in a protected activity and her later discharge. Further, petitioner was discharged 17 months after she filed the 2017 charges, and the timing "failed to raise the inference of retaliatory motive." The investigator recommended a finding of lack of substantial evidence as to petitioner's charge of retaliation.

¶ 9      On February 11, 2021, the Department dismissed petitioner's charge for lack of substantial evidence.

¶ 10     On May 18, 2021, petitioner filed a request for review with the Commission, stating she "disagree[d]" with the Department's findings. She argued that her coworkers "spoke lies against" her in a " 'Big Conspiracy' " with Lange, who violated her civil rights and denied her " 'due process.' " Petitioner also claimed that a union representative "had an axe to grind" with petitioner for having filed "(4) Charges" against respondent. She claimed the union representative was aware of the charges because he was named in the most recent charge, and the "Union and Labor Relation representatives collaborate*** with each other regularly." Petitioner stated, "I'm pretty sure that

Lange learned of these Facts during Lange's investigation [of petitioner]!" Petitioner attached various documents, including pages from the Department's investigative reports and screenshots of text messages.

¶ 11    On June 21, 2021, the Department filed a response to petitioner's request for review, summarizing the findings from its report. The Department added that Lange could not be held personally responsible for discharging petitioner, as there was no evidence Lange was personally motivated to discharge her or discharged her without Ford's knowledge or consent. The Department concluded that Lange discharged petitioner "at Ford's direction after Ford performed an internal investigation and determined that [petitioner] engaged in extreme behavior violating [Ford's] anti-harassment, safety and anti-sexual harassment policies."

¶ 12    On November 23, 2021, the Commission issued its final order sustaining the Department's dismissal of petitioner's charge for lack of substantial evidence. The Commission found that petitioner could not bring a charge against Lange, individually, where the evidence showed that Lange discharged petitioner with Ford's knowledge and consent, and there was no evidence that Lange was personally motivated to discharge petitioner. Even if petitioner could bring a claim against Lange, individually, the Commission noted that petitioner failed to establish a causal link between her 2017 charges and her 2019 discharge.

¶ 13    The Commission informed petitioner that its order was final and may be appealed to this court by filing a petition for review with the clerk of this court within 35 days after the date of service of the final order, "naming the Illinois Human Rights Commission, the Illinois Department of Human Rights, and Heather Lange as respondents."

¶ 14 Petitioner timely sought direct administrative review with this court of the Commission's final order sustaining the Department's dismissal of her charge.

¶ 15 As an initial matter, petitioner's petition for direct administrative review incorrectly names as respondents Ford and Berkowitz Oliver, LLP, the law firm which represented Lange before the agency. Neither Ford nor Berkowitz Oliver, LLP, were named as respondents to the administrative proceedings, as petitioner only filed her charge against Lange, individually. Therefore, Ford and Berkowitz Oliver, LLP, were not properly named as parties here. See Ill. S. Ct. R. 335(a) (eff. July 1, 2017); *Crawley v. Board of Education*, 2019 IL App (1st) 181367, ¶ 21. As such, we dismiss Ford and Berkowitz Oliver, LLP, as respondents to the petition for administrative review. *Id.*

¶ 16 We must also dismiss this appeal because the petition for review failed to name Lange as a respondent on appeal. As noted, Lange was the only party against whom petitioner filed the instant charge.

¶ 17 When undertaking a direct review of an administrative decision, this court exercises "special statutory jurisdiction." *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 6-7 (1995). "Special statutory jurisdiction is limited to the language of the act conferring it." *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 387 (2008). "A party seeking to invoke a court's special statutory jurisdiction must strictly comply with the procedures prescribed by statute." *Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees of St. Clair County*, 218 Ill. 2d 175, 182 (2006).

¶ 18 Relevant here, section 8-111(B)(1) of the Act provides that final orders of the Commission are directly reviewable by this court within 35 days from the date a copy of the order was served upon the party affected by the decision. 775 ILCS 5/8-111(B)(1) (West 2020).

¶ 19    Illinois Supreme Court Rule 335(a) (eff. July 1, 2017) governs the direct review of administrative orders by this court. It provides that a petition for review filed in this court "shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed. The agency and all other parties of record shall be named respondents." *Id.* A petitioner must strictly comply with the procedural requirements for obtaining review of an administrative decision under Rule 335(a). *McGaughy*, 165 Ill. 2d at 12.

¶ 20    In this case, Lange was a party of record to the administrative proceedings and, in fact, was named as the sole respondent in petitioner's charge. Under Rule 335, petitioner was required to name Lange as a respondent to this appeal. Ill. S. Ct. R. 335(a) (eff. July 1, 2017); *McGaughy*, 165 Ill. 2d at 13. The Commission admonished petitioner in its final order to name Lange, in addition to the Department and Commission, as a respondent in an appeal. Petitioner did not do so. Therefore, her failure to comply with Rule 335(a)'s mandatory requirements is a fatal defect to her appeal and this court must dismiss her petition for review. *Id.*; *Dahman v. Illinois Department of Human Rights*, 334 Ill. App. 3d 660, 663 (2002) (failure to name a party of record justifies dismissal of a petition for review).

¶ 21    Moreover, petitioner failed to identify Lange as a party being served in her proofs of service filed with her petition for review, and Lange has not filed an appearance in this appeal. Service of the petition for review on all parties of record, in addition to the agency, is required, and petitioner's failure to do so further justifies dismissal of her appeal. Ill. S. Ct. R. 335(b) (eff. July 1, 2017); see also *Wells Fargo Bank, N.A. v. Zwolinski*, 2013 IL App (1st) 120612, ¶ 14 (failure to serve a copy of a notice of appeal on a party who may be prejudiced by the appellate court's

decision may result in dismissal of the appeal); *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 31 (2000) (the petition for review serves the function of a notice of appeal).

¶ 22    For the foregoing reasons, we dismiss Ford and Berkowitz Oliver, LLP, as respondents on appeal. We dismiss the appeal due to petitioner's failure to name and serve Lange, a necessary party, as a respondent on appeal.

¶ 23    Appeal dismissed.