2023 IL App (1st) 211262-U

Nos. 1-21-1262, 1-21-1268, & 1-21-1269 (cons.)

Order filed August 24, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| JACQUELINE BLAKELY, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner, | ) | Decision of the Human Rights |
| | ) | Commission. |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF HUMAN RIGHTS | ) | Charge Nos.  2019 CF 1405 |
| COMMISSION and HUMAN RIGHTS COMMISSION, | ) | 2019 CN 1406 |
| | ) | 2019 CF 2137 |
| Respondents. | ) | |

_____

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss petitioner's consolidated appeals for failure to name the necessary parties on appeal.

¶ 2    Jacqueline Blakely appeals *pro se* from three final decisions entered by the Illinois Human Rights Commission (Commission) sustaining the Illinois Department of Human Rights' (Department) dismissal of three charges Blakely filed pursuant to the Illinois Human Rights Act (Act) (775 ILCS 5/1-101 *et seq.* (West 2018)), against her former employer, Fresenius Medical

Center (Fresenius), and her former direct supervisor, Nataya Williams.[1] We consolidated Blakely's three appeals seeking direct administrative review of the Commission's decisions.

¶ 3       Blakely filed separate charges against Fresenius (charge number 2019 CF 1405) and Williams (charge number 2019 CN 1406) related to her job as a patient care technician. In the charge against Fresenius, Blakely alleged that she (1) was sexually harassed when Williams "rubbed" her leg after asking Blakely whether she was wearing uniform pants, (2) received a "written reprimand" for an attendance policy violation based on her "disability, back disorder", (3) received a written reprimand in retaliation for engaging in a protected activity, (4) experienced unequal terms and conditions of employment based on her "disability, back disorder" when she was assigned more patients on a particular day and other employees were permitted to take longer breaks, and (5) experienced unequal terms and conditions of employment in retaliation for engaging in a protected activity. In the charge against Williams, Blakely reasserted her sexual harassment allegation, but directed it against Williams, individually.

¶ 4       After being discharged a few months later, Blakely filed a second charge against Fresenius (charge number 2019 CF 2137). In this charge, Blakely alleged that she was harassed based on her race when a nurse made derogatory comments during an argument. She further alleged Fresenius retaliated against her for filing charges with the Department by (1) placing her on paid suspension, (2) harassing her with phone calls during the suspension, and (3) discharged her following the suspension.

---

[1] On appeal, Fresenius identifies its name as Bio-Medical Applications of Illinois d/b/a Fresenius Medical Care Greenwood Avenue.

In her petitions for review, petitioner names as parties on appeal Nadine Abrahams and Jackson Lewis, P.C., the attorney and law firm, respectively, representing Fresenius and Williams. Neither Abrahams nor Jackson Lewis, P.C. was a party in the proceedings before the administrative agency. Because they are not proper parties on appeal (Ill. S. Ct. R. 335(a) (eff. July 1, 2017)), they are not listed as respondents in the caption of this order.

¶ 5       The Department's investigator interviewed Blakely and several Fresenius employees, including Williams, the director of employee relations, and a nurse. The investigator also reviewed Fresenius's policies regarding equal employment opportunity and employee conduct and discipline.

¶ 6       Following its investigation, the Department dismissed Blakely's three charges for lack of substantial evidence. Blakely then filed a request for review with the Commission and the Department, Fresenius, and Williams each filed a response.

¶ 7       The Commission sustained the Department's dismissal of Blakely's charges for lack of substantial evidence. The Commission found that (1) Williams's isolated act was not sufficiently severe to support a sexual harassment claim, (2) Blakely failed to present evidence that she was disabled within the meaning of the Act, (3) some actions Blakely complained of were " '[p]etty slights or minor annoyances' ", which did not qualify as adverse actions under the Act, and (4) the alleged incident of racial harassment was isolated and not severe. The Commission found that Blakley had made a *prima facie* case of retaliation. However, Fresenius showed it had suspended and discharged Blakely for legitimate reasons—misconduct, insubordination, and dishonesty— and Blakely failed to show that Fresenius's actions were pretextual.

¶ 8       Blakely filed three separate *pro se* petitions for direct administrative review of the Commission's final orders with this court, which we consolidated.

¶ 9       As an initial matter, we observe that Blakely's brief fails to comply with the requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. For example, her brief fails to (1) demonstrate this court's jurisdiction, (2) reference the underlying facts without argument or comment, (3) include specific page citations to

the record on appeal, or (4) set forth clear legal argument supported by citation to pertinent legal authorities. *Id.*

¶ 10 Illinois Supreme Court rules have the force of law and must be followed. *In re Denzel W.*, 237 Ill. 2d 285, 294 (2010). This court will not apply a more lenient standard for *pro se* litigants. *People v. Fowler*, 222 Ill. App. 3d 157, 163 (1991); see *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001) ("*Pro se* litigants are presumed to have full knowledge of applicable court rules and procedures."). Where a party fails to comply with Rule 341, this court may, in our discretion, strike the brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. We could dispose of Blakely's appeals for failure to comply with Rule 341 alone. Instead, we dispose of the appeals on the ground that petitioner failed to name necessary parties on appeal in her petitions for review in violation of Illinois Supreme Court Rule 335 (eff. July 1, 2017).

¶ 11 When undertaking a direct review of an administrative decision, this court exercises "special statutory jurisdiction." *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 6-7 (1995). "Special statutory jurisdiction is limited to the language of the act conferring it and the court has no powers from any other source." *Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees of St. Clair County*, 218 Ill. 2d 175, 182 (2006). "A party seeking to invoke a court's special statutory jurisdiction must strictly comply with the procedures prescribed by statute." *Id.*

¶ 12 The statutory source of this court's power to review petitioner's consolidated appeals is section 8-111(B)(1) of the Human Rights Act (775 ILCS 5/1-101 *et seq.* (West 2020)), which provides, in relevant part:

"Any complainant or respondent may apply for and obtain judicial review of a final order of the [Human Rights] Commission entered under this Act by filing a petition for review

in the Appellate Court within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 775 ILCS 5/8-111(B)(1) (West 2020).

¶ 13    Rule 335(a) (eff. July 1, 2017) governs the procedures for this court's review of decisions of the Commission. As explained in the committee comments, Rule 335 "prescribes the procedure for the review of orders of any agency which the legislature has assigned to the Appellate Court." Il. S. Ct. R. 335, Committee Comments (rev. Dec. 17, 1993) ("The General Assembly has provided by law that *** a decision from the Illinois Human Rights Commission (775 ILCS 5/8-111 (West 1992)) *** may be appealed directly to the Appellate Court.").

¶ 14    Thus, a petitioner seeking direct appellate review of a decision by the Commission must follow the joinder provisions of Rule 335 as well as section 8-111(B)(1) of the Human Rights Act. See *Cook County Sheriff's Enforcement Ass'n v. County of Cook*, 323 Ill. App. 3d 853, 855 fn.1 (2001) (finding petitioner must comply with joinder provisions of both Rule 335 and section 3-113(b) of the Administrative Review Law (ARL) (735 ILCS 5/3-113(b) (West 2020)) when petitioning the appellate court to review decisions of the Illinois Local Labor Relations Board).

¶ 15    Rule 335(a) provides:

"Unless another time period is provided specifically by the law authorizing review, the petition for review shall be filed in the Appellate Court within 35 days from the date that the order or decision sought to be reviewed was served upon the party affected by any order or decision of the administrative agency, and shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed. *The agency and all other parties of record shall be named respondents*." (Emphasis added.) Ill. S. Ct. R. 335(a) (eff. July 1, 2017).

¶ 16    We note that sections 3-107(a) and 3-113(b) of Article III of the Administrative Review Law (ARL) (735 ILCS 5/3-107(a) (West 2020); 735 ILCS 5/3-113(b) (West 2020)) contain similar language requiring the joinder of necessary parties to direct appeals brought to this court in administrative matters. In appeals concerning the ARL, courts have noted that they exercise "special statutory jurisdiction," and so their power to review is limited by the language of the act conferring the jurisdiction. See *e.g., Vogue Tyre & Rubber Co. v. Office of State Fire Marshal of State*, 354 Ill. App. 3d 20, 23-24 (2004). Thus, a party seeking to invoke special statutory jurisdiction must strictly adhere to procedures in the statute, and failure to do so requires dismissal of the appeal. *Id.* at 24-25. As this court has noted, the ALR does not apply to direct appeals from proceedings under the Illinois Human Rights Act (Act) (See *Cook County Sheriff's Office v. Cook County Comm'n on Human Rights*, 2016 IL App (1st) 150718, ¶ 27), as the Act has not expressly adopted the ALR, as required in section 3-102 of the ARL (735 ILCS 5/3-102 (West 2020)).

¶ 17    Nonetheless, in *McGaughy*, our supreme court held that the "consequences of noncompliance with the joinder requirements of the [ARL] and Rule 335 are the same, requiring dismissal of the review proceeding." *McGaughy*, 165 Ill. 2d at 12. The court noted that Rule 335(a) and section 107(a) are "substantively similar," and there was "nothing in the plain language of the statute or the rule that would justify the development of two divergent procedural standards for the review of administrative matters." *Id.* at 12-13. The *McGaughy* court stated that, much like section 3-107, Rule 335(a) must be categorized as "mandatory and specific, and admit[ting] of no modification." (Internal quotation marks omitted.) *Id.*

¶ 18    *McGaughy* also noted a portion of section 3-102 of the ALR stating that " '[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial

review of such administrative decision.' " *Id.* at 14 (quoting 735 ILCS 5/3-102 (West 1992)). The court stated there was no significance in Rule 335's failure to incorporate said provision, as the language "merely expresses the general principle of special statutory jurisdiction," and "proceedings under Rule 335 are also instances of special statutory jurisdiction." *Id.*

¶ 19    In this case, Fresenius was a party of record to the administrative proceedings in charge numbers 2019 CF 1405 (appeal number 1-21-1262) and 2019 CF 2137 (appeal number 1-21-1268). Williams was a party of record in charge number 2019 CN 1406 (appeal number 1-21-1269). Both were named parties in the charges now on appeal and participated in the proceedings before the agency. See *Crawley v. Board of Education of the City of Chicago*, 2019 IL App (1st) 181367, ¶ 21 (the actual litigants are the proper parties to an appeal). Thus, under Rule 335(a), Blakely was required to name Fresenius as a respondent to appeal nos. 1-21-1262 and 1-21-1268 and Williams as a respondent to appeal no. 1-21-1269. Indeed, the Commission explicitly admonished Blakely to do so if she wished to appeal the Commission's decisions.

¶ 20    However, Blakely failed to name Fresenius and Williams as respondents on appeal and serve them directly with her petitions for review. Blakely's failure to comply with Rule 335(a)'s mandatory requirement to name Fresenius and Williams as respondents is a fatal defect to her consolidated appeals. As our supreme court held in *McGaughy*, compliance with the joinder requirements of Rule 335(a) must be strict, and the rule is "mandatory and specific, and admit[ting] of no modification." (Internal quotation marks omitted.) *McGaughy*, 165 Ill. 2d at 13-14. The court rejected the proposition that "substantial compliance with Rule 335(a) is all that is necessary." *Id.* Accordingly, as strict compliance with Rule 335(a) is mandatory and petitioner failed to comply with its joinder requirement that all parties of record be named, her appeals must be dismissed. See *id.* at 14-15; *ESG Watts, Inc. v. Pollution Control*, 191 Ill. 2d 26, 36 (2000); *Vogue Tyre &*

Nos. 1-21-1262, 1-21-1268, & 1-21-1269 (cons.)

*Rubber Co.*, 354 Ill. App. 3d at 25; *Dahman v. Illinois Department of Human Rights*, 334 Ill. App. 3d 660, 662-63 (2002).

¶ 21    We note that despite Blakely's failure to name Fresenius and Williams as respondents in her petitions for review, both parties appeared and filed responsive briefs in the appeals. We also observe that Blakely included Fresenius and Williams in the caption of her brief. However, since the requirement to name necessary parties is strict, her failure to name these parties in her petitions for review controls our jurisdictional analysis. Neither the respondents' participation in the appeal nor naming them in the caption of a brief cures the jurisdictional defect.

¶ 22    We further observe that Blakely names as respondents "Nadine Abrahams/Jackson Lewis PC,"—the attorney and law firm that represented Fresenius and Williams before the administrative agency—in each of her three petitions for administrative review. However, the record on appeal does not reflect that either Abrahams or Jackson Lewis, P.C. was a party to the proceedings before the agency. Because they were neither an administrative agency nor parties of record to the proceedings before the agency, they are not properly named as respondents here. See Ill. S. Ct. R. 335 (eff. July 1, 2017) ("The agency and all other parties of record shall be named respondents."); *Crawley*, 2019 IL App (1st) 181367, ¶ 21. Accordingly, we dismiss Abrahams and Jackson Lewis, P.C. as respondents to the petitions for administrative review. *Id.*

¶ 23    Further, petitioner's naming of Fresenius and Williams's attorney and law firm does not demonstrate compliance with the Rule 335(a) requirement that she name all necessary parties. In *McGaughy*, the petitioners argued that, although they had not named necessary parties in their petitions for review, they had timely served the unnamed necessary parties as required in Rule 335(b) and, therefore, substantially complied with Rule 335, to the prejudice of no one. *McGaughy*, 165 Ill. 2d at 14-15. The court found service on a respondent was not an adequate substitute for

properly naming that party in the petition for review. *Id.* at 15. The court explained that "meeting the service requirement under Rule 335(b) did not relieve [the petitioners] of the obligation to name all necessary party respondents in their petitions for review." *Id.* Necessarily, if service on an unnamed party is insufficient to demonstrate compliance with Rule 335(a), service on the unnamed parties' attorney and law firm is similarly deficient.

¶ 24 For the foregoing reasons, we dismiss Abrahams and Jackson Lewis, P.C., as respondents on appeal. And we dismiss the consolidated appeals for failure to name necessary parties.

¶ 25 Appeals dismissed.