2026 IL App (1st) 241650-U

No. 1-24-1650

Order filed March 13, 2026

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| DELORES LEE, | ) |
| | ) Petition for Review of an Order |
| Petitioner-Appellant, | ) of the Illinois Human Rights |
| | ) Commission. |
| v. | ) |
| | ) Charge No. 2023CA1095 |
| THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS | ) EEOC No. 21BA30596 |
| COMMISSION, | ) ALS No. 24-0118 |
| | ) |
| Respondent-Appellee. | ) |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss petitioner's appeal for failure to name the necessary parties on appeal.

¶ 2    Delores Lee appeals *pro se* from the Illinois Human Rights Commission's decision affirming the Illinois Department of Human Rights' dismissal of her charge of age discrimination against Fetch Package Delivery, her former employer. Lee contends that the Commission erred in

sustaining the dismissal of her charge. But because Fetch and the Department were not properly named as respondents, we must dismiss the appeal.

¶ 3    In December 2022, Lee filed an initial charge of age discrimination with the Department against Fetch, a delivery service for apartment communities. She alleged that she was discharged from her role as a delivery driver in November 2022, despite satisfactory performance, and that, at age 71, she was treated differently from younger employees. Lee perfected her charge in May 2023.

¶ 4    The Department's investigation identified 14 instances between December 2021 and mid-November 2022, in which parcels assigned to Lee were lost, stolen, or mis-delivered, or appeared open before delivery. Lee claimed she was unaware of these incidents, which resulted in losses exceeding $2,500 for Fetch and, according to company guidelines, warranted dismissal. The investigation further revealed that Fetch had terminated at least 30 younger delivery drivers, some with fewer incidents than Lee. The Department's investigator concluded that there was insufficient evidence to show that Fetch discharged Lee because of her age and recommended a finding of "lack of substantial evidence" on Lee's age discrimination claim.

¶ 5    Lee timely sought review by the Commission, expressing concern that her discharge was based on "false accusations" of theft, although the denial letter referenced age discrimination.

¶ 6    The Department filed a response to Lee's request for review, summarizing the findings from its investigation report and noting the investigation "did not reveal evidence that [Fetch] accused [her] of theft." The Department stated that Fetch's articulated, nondiscriminatory reason for discharging Lee was the numerous incidents. The Department further stated that because Lee had not met Fetch's legitimate business expectations, and because she could not identify a proper

comparator to support an inference of discrimination, she had failed to make a *prima facie* showing of discrimination under the law. Accordingly, the Department recommended that the Commission sustain its dismissal of Lee's charge for a lack of substantial evidence.

¶ 7    In its final order, the Commission sustained the Department's dismissal of Lee's charge for lack of substantial evidence. The Commission found that the investigation yielded insufficient evidence to satisfy a *prima facie* case of employment discrimination. It noted that Lee's concerns over false accusations of theft "do not bear on the validity of [her] dismissal."

¶ 8    The Commission's order informed Lee that the order was final and that she could appeal to this court by filing a petition for review with the clerk of this court within 35 days after the date of service of that order, "naming the Illinois Human Rights Commission, the Illinois Department of Human Rights, and Fetch Package Delivery as Respondents." Lee timely appealed.

¶ 9    In her petition for review, Lee named "Ill Department of Human Rights Commission" as the sole adverse party. The Commission's counsel listed the Commission as the Respondent in its response brief, adding the Department as an "Unnamed Respondent." In the caption of her reply brief, Lee identified the Commission as the respondent and the Department as an unnamed respondent.

¶ 10    Lee asserts that her case "falls within the appropriate guidelines to file [a] complaint [or] lawsuit for wrongful termination and discrimination for defamation of character," and seeks compensation for any alleged false accusations of theft.

¶ 11    Lee's brief, which incorporates portions of the Illinois Supreme Court's preprinted appellant brief form (i) fails to demonstrate this court's jurisdiction, (ii) cite to the record, or (iii) contain an "argument" section, with legal arguments and citations to relevant law.

¶ 12    *Pro se* status does not absolve a party of their obligation to comply with these mandatory rules of appellate practice. *Matlock v. Illinois Department of Employment Security*, 2019 IL App (1st) 180645, ¶ 14. We may, in our discretion, strike a brief or dismiss an appeal for failure to comply with the supreme court rules. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. Here, however, we can resolve the appeal despite the shortcomings because the record is modest, and we have the benefit of a cogent appellee's brief. See *Matlock*, 2019 IL App (1st) 180645, ¶ 16.

¶ 13    Nevertheless, we must dismiss Lee's appeal because it fails to name the necessary parties as required by Illinois Supreme Court Rule 335 (eff. July 1, 2017).

¶ 14    We exercise "special statutory jurisdiction" when undertaking a direct review of an administrative decision. *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 6-7 (1995). That means the legislature grants us the power to review administrative decisions, and we have jurisdiction to do so "only as provided by law." *Cigna*, 2020 IL App (1st) 190620, ¶ 15. Special statutory jurisdiction is limited to the language of the act conferring it. *Id.* "A party seeking to invoke a court's special statutory jurisdiction must strictly comply with the procedures prescribed by statute." *Barron v. Illinois Human Rights Comm'n*, 2023 IL App (1st) 211630-U, ¶ 19.

¶ 15    While Lee complied with this requirement of Section 8-111(B)(1) of the Illinois Human Rights Act by filing timely (775 ILCS 5/8-111(B)(1) (West 2020)), she failed to comply with Supreme Court Rule 335(a), which governs our direct review of administrative orders. It provides that a petition for review filed in this court "shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed. *The agency and all other parties of record shall be named respondents.*" *Id.* (emphasis added). A petitioner must strictly

comply with these procedural requirements. *McGaughy*, 165 Ill. 2d at 12; see also *Barron*, 2023 IL App (1st) 211630-U, ¶ 19.

¶ 16    The Commission, the Department, and Fetch were each a party of record to the administrative proceedings. Under Rule 335(a), Lee was required to name all three as respondents. See *McGaughy*, 165 Ill. 2d at 13. To that end, the Commission told Lee in its final order that she could appeal by "filing a Petition for Review, naming the Illinois Human Rights Commission, the Illinois Department of Human Rights, and Fetch Package Delivery as Respondents." Lee did not do so, only naming the "Ill Department of Human Rights Commission" in her petition for review.

¶ 17    The appellate court "must enforce the [supreme court] rules as written." *People v. Lyles*, 217 Ill. 2d 210, 220 (2005). Thus, Rule 335(a)'s mandatory requirements is fatal to Lee's appeal. *McGaughy*, 165 Ill. 2d at 13; *Barron*, 2023 IL App (1st) 211630-U, ¶ 20 (citing *Dahman v. Illinois Department of Human Rights*, 334 Ill. App. 3d 660, 663 (2002) (failure to name party of record is "fatal defect and justifies dismissal of her petition for review")).

¶ 18    We recognize that Lee served her brief via First Class Mail on the Department and on Fetch's counsel of record. But "service on a respondent [is] not an adequate substitute for properly naming that party in the petition for review." *Blakely v. Illinois Human Rights Comm'n*, 2023 IL App (1st) 211262-U, ¶ 23 (paraphrasing *McGaughy*, 165 Ill. 2d at 15). Fulfilling the service requirements under Illinois Supreme Court Rule 335(b) does not relieve Lee of her obligation to "name all necessary party respondents in [her] petition for review." *McGaughy*, 165 Ill. 2d at 15. Accordingly, we must dismiss this appeal. See *id.* at 14-15; *Blakely*, 2023 IL App (1st) 211262-U, ¶ 23 (dismissing petitioners' appeals for failure to name necessary parties).

¶ 19    Appeal dismissed.